## Pollard & Brant, Inc., Etc., *v.* Stein, Appellant.

*Judgments—Opening—Defense—Set-off—Collateral defense.*

It is poor practice to open a judgment, to establish a defense which has originated since the rendition of the judgment. But when the subject matter of defense is attached to the judgment or to the consideration on which it rests, the court under its equitable powers will entertain a petition and, if the facts warrant, will open the judgment.

Where judgment has been entered in accordance with warrant of attorney contained in a mortgage bond, it was not error to refuse to open the judgment, in order that the defendant might set-off a claim arising out of a collateral contract, entered into subsequent to the time of the giving of the bond and mortgage, there appearing to be no connection between the contract and the transaction out of which the bond and mortgage arose. This is particularly true in a case where the defendant is not consistent in his testimony as to his contract, and it is impossible to determine its precise nature.

Argued April 11, 1923. Appeal, No. 12, April T., 1923, by defendant, from order of C. P. Somerset County, Dec. T., 1921, No. 72, refusing to open judgment in the case of Pollard & Brant, Inc., to use of R. T. Pollard, J. H. Judy, W. H. Miller, J. A. Wallace, Lee W. Pollard, Fred Brandt, B. J. Hanna, M. Alice Hanna, B. F. Waltz and First National Bank, Berlin, Pennsylvania, v. George P.

Stein. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why judgment should not be opened. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court, quoting it.

*Joseph Levy,* for appellant.—The defendant having a just claim against Pollard & Brant, Inc., and being deprived of any means to enforce his claim by reason of the dissolution of that corporation is entitled to his remedy by way of equitable set-off through this proceeding: Harper v. Kean, 11 S. & R. 278; Beaty v. Bordwell, 91 Pa. 438; Hilbert v. Lang, 165 Pa. 439; Laughlin v. Conn, 191 Pa. 150.

*Charles H. Ealy,* and with him *Charles F. Uhl,* for appellees.—To a judgment there can be no set-off of a debt not in judgment: Thorp v. Wegefarth, 56 Pa. 82; Long v. Morningstar, 212 Pa. 458; Hershey v. McLaughlin, 17 Pa. Superior Ct. 87; Curry v. Morrison, 40 Pa. Superior Ct. 301.

OPINION BY TREXLER, J., July 12, 1923:

We are asked to review the action of the lower court in refusing to open a judgment. The petition of Stein, the defendant, recites that on the 4th of August, 1919, he purchased from Pollard and Brant, Inc., and Fred Brant and Lee W. Pollard a coal mining property, paying $5,000 on account, and at the time the deed was delivered, giving a mortgage for $18,000; that as part of said transaction, the defendant and Pollard and Brant, Inc., entered into articles of agreement, which read as follows: "It is hereby agreed between the parties hereto

as a part of the entire transaction involving the sale and purchase of said property, that the said George P. Stein shall assume and carry out a contract entered into between H. H. Lineaweaver & Co., Inc., of Philadelphia, Pa., and Pollard and Brant, dated March 26, 1919, for furnishing 2,400 net tons of coal of which approximately 1,500 tons remain to be furnished, from the mine operation on said tract," that under said contract he delivered four carloads of coal consigned to Henry G. VonHeine, amounting to $592.47 and that on August 4th, he had delivered eleven tons to complete the loading of a car amounting to $24.75, making a total of $617.22; that on September 17th, Pollard and Brant notified him to suspend further shipments of coal, that all the coal furnished by him to Henry G. VonHeine, under the contract aforesaid, was furnished on account and credit of said Pollard and Brant, Inc., that he frequently requested it to pay him the money due for said coal, and said corporation through its proper office frequently promised to pay, but have always neglected and refused to pay him or any part thereof, that the price of $2.85 per ton instead of $2.35 as set forth in the contract between Pollard and Brant, Inc., and Lineaweaver was caused by the increase of wages; that Pollard and Brant, Inc., closed its corporate existence, the assets of said corporation having been distributed; that inasmuch as the furnishing of said coal was specifically made a part of the entire transaction involving the sale and purchase of the coal property and the execution and delivery of said mortgage and bond to secure the balance of purchase money, he has the legal and equitable right to set off the amount due him against the said mortgage and bond, that judgment has been entered under the warrant contained in the mortgage bond and a fieri facias issued.

It seems to be well settled that it is poor practice to open a judgment to establish a defense which has originated since the rendition of it. "To a judgment there can be no set-off of a debt not in judgment. One judgment

may be set off against another, through the equitable
powers of the court, but to a judgment ripe for execution,
there can be but one answer to wit: Payment pure and
simple": Thorp v. Wegfarth, 56 Pa. 82; Rishel v.
Crouse, 162 Pa. 3. This broad statement, however, must
be qualified in this respect that when the subject-matter
of defense is attached to the judgment or to the consider-
ation on which it rests, the court under its equitable
powers will entertain such a petition and if the facts
warrant will open the judgment: Beaty v. Bordwell, 91
Pa. 438; Stroud's App., 109 Pa. 326. We are, therefore,
met with the question whether this agreement to guar-
antee the payment of the coal which was to be shipped to
Lineaweaver was so involved in the consideration of the
mortgage as to be part of the same transaction and the
proper subject of equitable relief by way of set-off. It
will be noticed that the written agreement was merely
the assumption by Stein of the contract between Pollard
and Brant and Lineaweaver. There is nothing in the con-
tract about Pollard and Brant paying for the coal, on the
other hand, the written contract standing alone, sustains
the inference that Pollard and Brant, Inc., was dropping
out and was to be relieved of any further responsibility.
The giving of the mortgage was the securing of money
which was due for the purchase of the mine property.
There were no other matters included in that. The guar-
anteeing of the bill of Lineaweaver, one not a party to the
transaction, is a matter too remote to be considered as
attaching to the mortgage, or in any way affecting the
consideration on which it rests. Moreover, if the judg-
ment were opened, the inquiry would be directed not to
the written agreement which as we have noted above
fixes no liability on Pollard and Brant, but to the verbal
promise made by the officers of Pollard and Brant, to wit,
to pay to Stein "the moneys due for said coal," "to see
that I Stein was paid for the coal" or "to guarantee the
payment of the coal." There is no question that the coal
was to be received by a third party, that Pollard and
Brant could not by any reasonable theory be found to

have made this contract of guarantee as part of the consideration for the sale of the land, for in that the consideration moved to them. They parted with the farm for which the consideration was paid. If they made the guarantee, it must have been in consideration of their being released from the obligation to furnish any more coal to Lineaweaver. This was an entirely collateral matter. If, however, we are wrong in our conclusion in this respect, we are of the opinion that the court is not chargeable with an abuse of discretion in refusing to open the judgment. As noted before, the defendant does not stick to one story as to what words were employed when the verbal promise was given. We are unable to determine what the precise nature of the engagement was. Both Mr. Brant and Mr. Pollard deny having made any such assertions. The accuracy of the petitioner's testimony was somewhat shaken by a proof that the eleven tons of coal, which he claims had not been paid for, had been settled for by Pollard and Brant, Inc. His claim also that there were eleven carloads of coal shipped and that seven had been paid for by Pollard and Brant, Inc., may not be entirely ingenuous, for it is clearly shown in the testimony that the seven carloads paid for were not shipped under the contract in question. We think the court was right in coming to the conclusion as expressed by it in its opinion, that the evidence offered by the petitioner and the respondent do not show facts sufficient to sustain the rule pending. When the defendant assumed the contract to furnish the coal to Lineaweaver, he must have known that Lineaweaver being a party to that contract had to ratify the arrangement in order that any defenses or any special arrangements as to payments might be excluded. It would have been part of prudence for Stein to have consulted Lineaweaver before shipping any coal. Had he done this all the present trouble would have been avoided.

The order of the court refusing to open the judgment is affirmed.

The defendant to pay the costs.