334 Pa. Superior Ct. 359 (1984)
483 A.2d 490
M.N.C. CORPORATION, a Delaware Corporation, Appellant,
v.
MOUNT LEBANON MEDICAL CENTER, INC., a Pennsylvania Corporation; and William J. Bartram, President and William J. Bartram, an Individual.
Supreme Court of Pennsylvania.
Argued February 9, 1984.
Filed September 14, 1984.
Reargument Denied November 27, 1984.
*361 Rochelle S. Friedman, Pittsburgh, for appellant.
John B. Nicklas, Jr., Pittsburgh, for appellee.
Before BROSKY, OLSZEWSKI and JOHNSON, JJ.
JOHNSON, Judge:
This appeal arises from the order of March 17, 1982 opening judgment and permitting appellees Mount Lebanon *362 Medical Center, Inc. and William J. Bartram to enter a defense.
The factual and procedural history indicates that in 1978, M.N.C. Corporation (M.N.C.) entered into a lease agreement for use of a building owned by Mount Lebanon Medical Center, Inc. (Center)[1] and located in the municipality of Mount Lebanon. The municipality began issuing daily citations to M.N.C. for building code and zoning violations in February of 1979. M.N.C. then instituted an equity action against the municipality for injunctive relief. A preliminary settlement was reached on March 8, 1979. In December of 1979, the Center sought to intervene by petition, which was granted in March of 1980. The Center filed a cross-claim against M.N.C. and the municipality for damages and unpaid rent. Following dismissal of the municipality from the cross-claim, the Center and M.N.C. reached a final settlement as to both the original equity action and cross-claim on April 18, 1980.
By the terms of the settlement, the Center was to issue a note in the amount of $15,000 plus interest to M.N.C., payable within 90 days and immediately recordable. The Center was also to supply M.N.C. with a certificate of existing liens on the property and their value. M.N.C. was required to discontinue the prior action and provide the Center with access to the building.
M.N.C. duly recorded the note and judgment was entered on it on April 23, 1980. The premises in question were vacated by M.N.C. on May 5. Execution on the judgment was commenced by M.N.C. on July 30, following the due date on the note and failure of the Center to pay. The bank accounts of the Center and appellee Bartram were then garnished.
The Center's petition to open judgment was filed August 8, 1980. It alleged, inter alia, that M.N.C. had failed to comply with the April 18 order by (1) failing to remove its padlocks and deliver access, (2) failing to remove all personal *363 property, and (3) unlawfully removing certain property. Also, the petition alleged that the note was issued to compensate M.N.C. for certain permanent improvements made to the premises leased and that the alleged unlawful removal of property by M.N.C. involved some of the improvements on which the note was based. The petition alleged that appellees attempted to settle these compliance problems with M.N.C., without success, and requested the judgment be opened so that they might enter a defense of counterclaim and set-off.
The Center's petition was denied on October 8, 1980 following a hearing. The initial appeal by the Center to this court resulted in the vacation and remand of the case to the trial court, as the trial court's opinion filed pursuant to Pa.R.A.P. 1925 set forth that it had erred in denying the petition to open. M.N.C. Corp. v. Mt. Lebanon Medical Center, Inc., 294 Pa.Super. 405, 440 A.2d 528 (1982). Following remand, the trial court granted the Center's petition and this appeal followed.
M.N.C. raises two issues on appeal: (1) whether the trial court erred in granting the Center's petition for leave to intervene and (2) whether the trial court erred in granting the Center's petition to open.
We first address the Center's argument that this appeal should be quashed, as it raises the same issue already adjudicated by the prior appeal to this court. We disagree.
The original order on the petition to open judgment denied said petition without opinion. Following the filing of a notice of appeal to this court, the trial court issued an opinion stating that its decision was erroneous, but, because of its loss of jurisdiction of the case while on appeal, it was powerless to reverse its determination. The Superior Court, in vacating and remanding the case to the trial court stated:
Inasmuch as the lower court admits the inappropriateness of the October 8, 1980 order, we shall remand the matter *364 to the lower court to reconsider its order based upon its Rule 1925 opinion.
M.N.C. Corp. v. Mt. Lebanon Medical Center, Inc., 294 Pa.Super. at 406, 440 A.2d at 529.
If the Center is correct in its allegation that the prior appeal constituted a decision on the merits, then the instant appeal would be barred. See Albright v. Wella Corp., 240 Pa.Super. 563, 359 A.2d 460 (1976). However, we believe that the prior opinion of this court was not meant to constitute an adjudication on the merits. Had the court desired to make such a decision on the merits, there would have been no necessity to remand for reconsideration by the trial court, but merely a reversal of the trial court's order. Hence, we find the instant order appealable.
Appellant's first issue concerns the validity of the trial court's order granting the Center's petition to intervene in the action between M.N.C. and Mount Lebanon. The said order was granted on March 12, 1980 and the judgment entered on the note issued pursuant to the settlement agreement on April 23, 1980.
Ordinarily, an order permitting intervention is interlocutory and not appealable. In re Manley, 305 Pa.Super. 332, 451 A.2d 557 (1982); Kovacs v. Redevelopment Authority of Philadelphia, 16 Pa.Commw. 410, 328 A.2d 545 (1974). However, such an order granting intervention is reviewable after entry of final judgment. See Sailor Planing Mill & Lumber Co. v. Moyer, 35 Pa.Super. 503 (1908); 5 Am.Jur.2d Appeal & Error § 859 (order granting intervention may ordinarily be reviewed on appeal from final judgment).
In the instant case, the parties consented to the judgment, pursuant to the April 18 order of court which was signed by counsel for appellant and appellees. Ordinarily, a party who consents to, or acquiesces in, a judgment or order cannot appeal from that judgment or order. Brown v. Commonwealth Department of Health, 495 Pa. 456, 434 A.2d 1179 (1981); 16 Std.Pa. Practice 2d § 85:52. *365 In any event, appellant failed to appeal from either the April 18 order or the subsequent entry of judgment, thus precluding our review of the intervention issue.
The second issue concerns whether the trial court erred in granting the Center's petition to open judgment.
In order to open a confessed judgment, a party must act promptly, allege a meritorious defense and present sufficient evidence of that defense to require submission of the issues to a jury. West Chester Plaza Associates v. Chester Engineers, 319 Pa.Super. 196, 465 A.2d 1297 (1983); Bell Federal Savings & Loan Association of Bellevue v. Laura Lanes, Inc., 291 Pa.Super. 395, 435 A.2d 1285 (1981); see also Pa.R.C.P. 2959. The standard of sufficiency a court must employ is that of the directed verdict  viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining the judgment. Weitzman v. Ulan, 304 Pa.Super. 204, 450 A.2d 173 (1982).
A petition to open judgment is an appeal to the equitable powers of the court and is addressed to its sound discretion; a reviewing court will not reverse the determination of the trial court absent a clear and manifest abuse of discretion. Weitzman v. Ulan, supra; Industrial Valley Bank & Trust Co. v. Lawrence Voluck Associates, Inc., 285 Pa.Super. 499, 428 A.2d 156 (1981).
The instant judgment was based on the consent order dated April 18, 1980. A consent decree or order is a contract binding the parties to the terms thereof, and a court has neither the power nor the authority, absent fraud, accident or mistake, to modify its contents. Sabatine v. Commonwealth, 497 Pa. 453, 442 A.2d 210 (1981). The Center's defense supporting its petition to open was based on a counterclaim or set-off, alleging that part of the consideration for the note, namely permanent improvements made by M.N.C., had been removed from the premises, *366 thereby entitling the Center to a set-off against the full amount of the note due and payable.
As stated in J.M. Korn & Son, Inc. v. Fleet-Air Corp., 300 Pa.Super. 458, 462, 446 A.2d 945, 947 (1982) (citations omitted):
In the absence of fraud, an unliquidated counterclaim or set-off is not grounds for opening a judgment confessed under a warrant of attorney. The reason for the rule is understandable. "To a judgment there can be no set-off of a debt not in judgment. One judgment may be set off against another, through the equitable powers of the court, but to a judgment ripe for execution, there can be but one answer, to wit, payment pure and simple."
An exception exists, however, where the subject matter of the defense is attached to the judgment or the consideration on which it rests. Bell Federal Savings & Loan Association of Bellevue v. Laura Lanes, Inc., supra; Pollard & Brant, Inc. v. Stein, 81 Pa.Super. 374 (1923). This exception holds true even where the defense does not exist until subsequent to the judgment. Id.
M.N.C. argues that contrary to the conclusion of the trial court, the Center's defense does not fall within the exception to the general rule that an unliquidated[2] counterclaim or set-off is not grounds for opening a judgment. We agree.
While it may initially appear that the Center's defense falls within the exception, upon a review of the order which serves as the basis for the judgment, it is clear that the allegations concerning permanent improvements, serving as consideration for the note, are unfounded.
The April 18 order required: (1) the Center to issue a judgment note for $15,000 plus interest to M.N.C., said note to be immediately recordable, (2) the Center to supply M.N.C. with a certificate of existing liens on the property along with a statement of market value, and (3) M.N.C., upon receipt of the aforementioned, to settle and discontinue *367 its action against Mount Lebanon, in which the Center had intervened. The order also dissolved the prior injunctive decree and required that M.N.C. and Mount Lebanon remove their padlocks from the premises and deliver possession to the Center. Attached and made a part of the order was a letter written by counsel for the Center to counsel for M.N.C. This letter set forth the liens and value of the property, as required by the consent order. The letter also reiterates some of the terms of the order, i.e., the delivery of the judgment note "representing the agreed value of permanent improvements made to the premises" by M.N.C. We note, however, that no mention is made in the order of this alleged consideration for the issuance of the note. Also, it is clear that the order, on its face, indicates that consideration for the note exists through M.N.C.'s requirement to settle and discontinue the action.
We find the instant situation similar to that found in Weitzman v. Ulan, supra, where this court held that an alleged oral agreement between the parties to a written lease regarding application of rent payments to the cost of certain repairs did not constitute a valid defense sufficient to open judgment confessed on the lease. We therefore hold that the Center's defense of failure of consideration as based on the alleged removal of permanent improvements is not a valid defense, entitling them to open the instant judgment, because the said consideration does not appear in the terms of either the consent order or judgment itself. The Center's petition to open failed to adequately allege fraud, accident or mistake, such that the contents of the order were modifiable. See Sabatine v. Commonwealth, supra.
We also note that to allow a defense, such as the one posed by the Center, to serve as a basis for opening a judgment entered pursuant to a consent order, raises serious questions of fairness where the other party has complied with its part of the bargain. If, for example, M.N.C. did settle and discontinue the action as required by the order, then they are placed in a position of severe disability *368 if the judgment is opened. As other legal means exist for the Center to enforce its rights, the judgment should not have been opened.
The order of March 17, 1982 is reversed.
BROSKY, J., files a dissenting opinion.
BROSKY, Judge, dissenting:
I respectfully dissent. I would affirm the trial court's order granting the Center's petition to open judgment because I believe that the defense asserted by the Center falls within the exception to the general rule that an unliquidated counterclaim is not grounds for opening a judgment. That is, I believe that the subject matter of the defense asserted by the Center is attached to the consideration on which the judgment rests.
As the majority explains the April 18 order provided the basis for the judgment. Attached to that order and made a part of it was a letter written by counsel for the Center to counsel for M.N.C. Unlike the majority, I interpret that letter as stating that the judgment note for $15,000 was given in consideration for the permanent improvements made by M.N.C.
The first paragraph of the letter is as follows:
In connection with the settlement agreed upon in Chambers, whereby it was agreed that your client, M.N.C. Corporation, would forthwith vacate the storeroom premises of the building owned by Mt. Lebanon Medical Center, Inc., situate at 370 Castle Shannon Boulevard, Mt. Lebanon Township, Allegheny County, Pennsylvania, our client, Mt. Lebanon Medical Center, Inc., Intervenor, would deliver to your client, M.N.C. Corporation, a judgment note in the sum of $15,000.00 payable on or before three months from the date thereof with interest at 6% representing the agreed value of permanent improvements made to the premises by your client. (emphasis added)
*369 The Center's proffered defense, that the permanent improvements had been removed from the premises, seems to me to be clearly attached to the consideration on which the judgment rests. The consideration may have included M.N. C.'s agreement to settle and discontinue its action, but it also included the permanent improvements made to the property by M.N.C.
In this respect the present case differs from Bell Federal Savings and Loan Association of Bellevue v. Laura Lanes, Inc., 291 Pa.Super. 395, 435 A.2d 1285 (1981) in which the appellant sought to open a judgment based on the possibility of another unrelated judgment being entered.
Nor do I agree that the present situation is similar to that found in Weitzman v. Ulan, 304 Pa.Super. 204, 450 A.2d 173 (1982) in which the defense asserted by the appellants was based on an alleged oral modification of a lease which provided that any alteration of its terms was to be in writing.
On the contrary, the defense asserted by the appellee before us is based on the written terms of a letter made part of the order on which the judgment rests. The order of the lower court opening the judgment and permitting the Center to present a defense should be affirmed.
NOTES
[1] References hereinafter to appellee Center shall include individual appellee Bartram.
[2] It is undisputed that the Center's counterclaim or set-off was unliquidated.