486 A.2d 473

**James ALSTON**

v.

**PHILADELPHIA ELECTRIC COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1984.

Filed Dec. 28, 1984.

Reargument Denied Jan. 28, 1985.

---

48

John J. Tinaglia, Philadelphia, for appellant.

Alan M. Feldman, Philadelphia, for appellee.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

CIRILLO, Judge:

James Alston, appellee, suffered severe and permanent injury from third-degree burns sustained when his attempt to install a flagpole was abruptly curtailed by the pole's contact with high-tension wires owned by appellant, Philadelphia Electric Company. Appellee's case was dismissed for failure of his counsel, Stanley M. Poplow, to take action on his behalf from March 5, 1975, until January 2, 1979. On June 1, 1982, Mr. Poplow was discharged and new counsel retained. Appellee's present counsel, Alan M. Feldman, learned the procedural history of the case and filed a petition for reinstatement on June 16, 1982. The petition was granted by the court en banc on March 10, 1983. This appeal followed.

Appellant contends that the trial court en banc abused its discretion in granting appellee's petition. We affirm the trial court en banc. Given the compelling reason for counsel's neglect, we cannot deprive this litigant of his day in court.

It is well established that the trial court is vested with the equitable power to grant a petition to reinstate a cause of action if there is a showing of *good cause* for failure to prosecute. Good cause may be shown if the following conditions are satisfied:

(1) the petition has been promptly filed; (2) a meritorious defense can be shown;[3] (3) the failure to appear can be excused. A lower court's ruling opening or refusing to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970); *Atlas Aluminum Corporation v. Methods Research Products Co.,* 420 Pa.

407, 218 A.2d 244 (1966); *Walters v. Harleysville Mutual Casualty Co.,* 417 Pa. 438, 207 A.2d 852 (1965).

[3] The rule has always been that where the equities are otherwise clear, in a trespass action as opposed to one in assumpsit, a good defense need not be posited in order to open a default judgment. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Kuntz v. Lanbar Hotel Co., Inc.,* 380 Pa. 90, 110 A.2d 249 (1955); *Scott v. McEwing,* 337 Pa. 273, 10 A.2d 436 (1940). The difference is attributable to differing pleading practices. In assumpsit the case is not in issue until an "affidavit of defense" (answer is filed, whereas in trespass no affidavit of defense is required. *Scott, supra,* (subject to the exceptions contained in Pa.R.C.P. 1045, which derives from § 13 of the Practice Act of 1915). Thus while a good defense would normally not be required in a trespass action, where present it can at least qualify as an equitable consideration favoring the opening of judgment. In fact, when the other equities are not clear, the rule seems to demand a defense.

*Balk v. Ford Motor Company,* 446 Pa. 137, 140, 285 A.2d 128, 130–131 (1971). *See also Robert W. Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 477 A.2d 471 (1984); *Lincoln Bank v. C & H Agency, Inc.,* 500 Pa. 294, 456 A.2d 136 (1982); *Queen City Electric Supply Co. v. Soltis Electric Co.,* 491 Pa. 354, 421 A.2d 174 (1980); *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Goldstein v. Graduate Hospital of University of Pennsylvania,* 441 Pa. 179, 272 A.2d 472 (1971); *Stephens v. Bartholomew,* 422 Pa. 311, 220 A.2d 617 (1966); *Thorn v. Borough of Clearfield,* 420 Pa. 584, 218 A.2d 298 (1966); *Autologic Inc. v. Cristinzio Movers,* 333 Pa.Super. 173, 481 A.2d 1362 (1984); *M.N.C. Corp. v. Mount Lebanon Medical Center, Inc.,* 334 Pa.Super. 359, 483 A.2d 490 (1984); *Chervenak, Keane & Co. v. Hotel Rittenhouse Associates,* 328 Pa.Super. 365, 477 A.2d 487 (1984); *American Express Co. v. Burgis,* 328 Pa.Super. 167, 476 A.2d 944 (1984); *J. Rusiski v. M. Pribonic,* 326 Pa.Super. 545, 474 A.2d 624 (1984); *Steinberg v. Sears, Roebuck & Co.,* 325 Pa.Super. 189, 472 A.2d 1072 (1984); *Wurster v. Peters,* 318 Pa.Super. 46, 464 A.2d 510 (1983); *Bottero v. Great Atlantic & Pacific Tea Co.,* 316 Pa.Super. 62, 462 A.2d 793 (1983); *Snellbaker v. Herrmann,* 315 Pa.Super. 520, 462 A.2d 713 (1983); *First National Bank of Fryburg v. Kriebel,* 311 Pa.Super. 428,

457 A.2d 961 (1983); *Vorhauer v. Miller,* 311 Pa.Super. 395, 457 A.2d 944 (1983); *Paules v. Sminkey,* 290 Pa.Super. 223, 434 A.2d 724 (1981); *Lincoln Bank v. Kelly,* 282 Pa.Super. 261, 422 A.2d 1106 (1980); *Faulks v. Papo Bar, Inc.,* 280 Pa.Super. 454, 421 A.2d 810 (1980); *Tenreed Corp. v. Philadelphia Folding Box Co.,* 256 Pa.Super. 49, 389 A.2d 594 (1978); *Dupree v. Lee,* 241 Pa.Super. 259, 361 A.2d 331 (1976); *Hersch v. Clapper,* 232 Pa.Super. 550, 335 A.2d 738 (1975); *Johnson v. Mulhall,* 230 Pa.Super. 183, 326 A.2d 439 (1974); *Boyles v. Sullivan,* 230 Pa.Super. 453, 326 A.2d 440 (1974); and *Matyas v. Albert Einstein Medical Center,* 225 Pa.Super. 230, 310 A.2d 301 (1973).

■ On January 2, 1979, the instant case was dismissed with prejudice pursuant to Philadelphia Local Rule 350(1),[1] which provided that:

(1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two successive years, the action shall be dismissed with prejudice, for failure to prosecute, under the provisions of this rule, and the docket so marked, provided that no less than sixty days' notice be given by the publication once in The Legal Intelligencer.

(2) Whenever in a civil action a Praecipe or an Order for trial or a Certificate of Readiness has been filed, but thereafter no further action or any disposition has been noted on the docket in the Prothonotary's Office for a period of three successive years, the action shall be dismissed, with prejudice, for failure to prosecute under the provisions of this rule, and the docket so marked; provided that no less than six months' advance notice thereof be given by publication once in The Legal Intelligencer.

(3) Dismissal under (1) or (2) is subject to the right of any party to reinstate the action by written application for

---

1. Rescinded February 21, 1980, replaced by Pa.R.C.P. 237.1.

good cause shown after such dismissal within three (3) months of the date of dismissal.

Although the rule provided that reinstatement is possible within three months following dismissal, the court could exercise its discretion and consider applications for reinstatement as timely filed after this three-month period had lapsed.

 In assessing the trial court's exercise of its equitable power to open a default judgment, the timeliness of the petition is measured in terms of the reasonableness of the explanation given for the delay, not the fact or length of the delay itself.

> The crucial factor in determining whether the petition is timely is not the specific time which has elapsed, but the reasonableness of the explanation given for the delay. *Jamestown Banking Co. v. Conneaut Lake Dock & Dredge Co.,* 339 Pa. 26, 14 A.2d 325 (1940). *There is no time limit on the exercise of the power of a court to open judgment by confession, Windber Trust Co. v. Evans,* 192 Pa.Super. 417, 421, 161 A.2d 664, 666 (1960), and the chancellor's determination as to reasonableness, absent clear and manifest abuse of discretion, will not be disturbed. *Equibank, N.A. v. Dobkin,* 284 Pa.Super. 143, 425 A.2d 461 (1981).

*Lincoln Bank v. C & H Agency, Inc.,* 500 Pa. 294, 301–302, 456 A.2d 136, 140 (1982) (emphasis supplied). *Accord, Tony Palermo Construction v. Brown,* 326 Pa.Super. 566, 474 A.2d 635 (1984).

 Thus, although in the instant case the time period between the dismissal of the action pursuant to Pa.R.C.P. 236 on May 17, 1979, and the petition for reinstatement on June 16, 1982, was lengthy, it is neither dispositive nor relevant to the issue on review. The determinative factor is the *reasonableness* of the explanation for the delay. Appellant alleged that the reason for the delay was counsel's mental and emotional disturbance. A three-judge court en

banc heard the argument and granted the petition for reinstatement. An en banc court's finding of facts are controlling on appeal and will not be disturbed in the absence of manifest error. *Rusiski v. Pribonic, supra.*

Counsel for appellant at the time the action was dismissed was Stanley M. Poplow, Esq. With regard to the case at bar, depositions were taken of Dr. Donald L. Nathanson, M.D., Mr. Poplow's psychiatrist, and of Harold J. Byron, M.D., a psychiatrist for appellant. Dr. Nathanson testified that Mr. Poplow suffered from cycles of depression and mania which rendered him incapable of performing in his capacity as an attorney for periods of time. He has been taking significant doses of lithium and vivactyl for and indicia of his depression and suicidal impulses for approximately nine years. The prognosis for his condition was guarded. His illness manifested itself in a paralytic depressive state which negated action on behalf of his clients. The trial court regarded this testimony, as well as the testimony of the appellant's psychiatrist, Dr. Harold J. Byron, as a reasonable explanation for the delay in this case.

Dr. Byron, who testified for the appellant, also testified that Mr. Poplow's condition made it impossible for him to fulfill his professional duties. He stated:

Based on the history given of depression over the past eight years which has been sustained although of intermittent severity with suicidal ideation, a diagnosis of major affective disorder unipolar depression seems appropriate. The treatment he is receiving from a reputable physician; namely, Vivactyl the most potent of the tricyclic antidepressants, with a large dose of Lithium Carbonate, supports this diagnosis since these drugs would not be properly prescribed for anything other than a major affective disorder. I believe his Diabetes Mellitis, which must be of at least moderate severity to justify a program of insulin management, may well contribute to

his affective disorder which is generally believed to have at least some biogenetic factor in its etiology. This is further supported by his description of his father who would seem to have been subject to recurrent depressions.

*I believe the explanation for his procrastination and failure to fulfill his professional responsibilities must include some influence of his depressive illness.* Although I believe his psychiatric illness must have an effect upon his productivity, I am not able to say to what degree his ability to exercise free will is compromised by his illness although *I believe that his depression has caused some impairment of his freedom of choice and there is clearly a self-destructive pattern in his behavior.*

(Emphasis supplied).

In *Thorn v. Borough of Clearfield,* 420 Pa. 584, 218 A.2d 298 (1966), as in the instant case, appellants were represented by an attorney with significant and incapacitating health problems. The Court reasoned that

the diminished health and ability of appellants' attorney, ... are equitable considerations sufficient to set aside a judgment of non pros, and reasonably explain the reason for the delay in filing the complaint.

Appellants in this case should not be denied their day in court because of the diminished health of their counsel. Appellants had no way of knowing this case was not being diligently prosecuted and should not be made to suffer because of the health of their attorney.

*Id.,* 420 Pa. at 587, 218 A.2d 299.

In interpreting *Thorn,* this Court in *Lewis v. Reid,* 244 Pa.Super. 76, 366 A.2d 923 (1976), explained the salient distinguishing feature of the cases where the trial court's discretion in opening a judgment has been upheld, viz., where trial counsel's ill health prevents his client from knowing his case is not being diligently pursued.

In *Thorn v. Borough of Clearfield,* 420 Pa. 584, 218 A.2d 298 (1966), the Supreme Court held that the lower court abused its discretion in refusing to open a judgment of non pros which was entered four months after the plaintiffs had been ruled to file a complaint. In reversing the lower court, the Supreme Court noted that the plaintiff's attorney suffered a heart relapse two weeks after he was served with a praecipe to file a complaint. Testimony by the attorney's physician established that although the attorney did perform some professional tasks during the four month period prior to the entry of judgment, he was physically incapable of performing all of his duties. On these facts, the Court held "that the diminished health and ability of appellant's attorney ... reasonably explain the reason for the delay in filing the complaint." *Supra.,* 420 Pa. at 587 [218 A.2d 298].

*Id.,* 244 Pa.Superior Ct. at 82–83, 366 A.2d at 926. *See also Balk v. Ford Motor Company, supra* (the Court held that the trial court was justified in opening a default judgment against an automobile dealer, notwithstanding a delay of nine months, where dealer was unaware of the judgment against it); *Goldstein v. Graduate Hospital of the University of Pennsylvania, supra* (the Court held that in the absence of medical or psychiatric evidence supporting the contention that emotional problems prevented the parties from taking action, no reasonable explanation had been offered for delay); *Stephens v. Bartholomew, supra* (where the Court accepted as reasonable the explanation that appellee's attorney's business commitments caused the delay and affirmed the trial court's order to open default judgment); *Manson v. First National Bank in Indiana,* 366 Pa. 211, 77 A.2d 399 (1951) (where there was a failure to diligently prosecute an action because of mere oversight of counsel, so that no reasonable explanation for delay was offered); *Buxbaum v. Peguero,* 335 Pa.Super. 289, 484 A.2d 137 (1984) (attorney neglect was sufficient justification for a party's failure to respond to process); *Ackerman v. Port*

*Authority of Allegheny County,* 323 Pa.Super. 375, 470 A.2d 640 (1984) (Court refused to penalize appellant for his attorney's mistake); *Bottero v. Great Atlantic & Pacific Tea Company, Inc., supra* (default judgment would not be opened due to the lack of explanation for the assertion that the delay was caused by the illness or delay of counsel); *Austin v. Southeastern Pennsylvania Transportation Authority,* 304 Pa.Super. 56, 450 A.2d 98 (1982) (Court refused to vacate a dismissal based not on the failure to act from 1974 to 1977, but rather for the absence of reasonable excuse); *Seidel v. Great Factory Store,* 291 Pa.Super. 255, 258, 435 A.2d 896, 898 (1981) Court stated that "inadvertence of counsel, if reasonably explained, is an adequate excuse for the failure to file a brief and will justify relief." *(Carson Pirie Scott & Co. v. Phillips,* 290 Pa.Super. 353, 434 A.2d 790 (1981); *Horan v. R.S. Cook & Associates,* 287 Pa.Super. 265, 430 A.2d 278 (1981) (where the court found that the mere assertion that counsel was preoccupied with establishing his own law practice would not support opening default judgment); *Faulks v. Papo Bar, Inc.,* 280 Pa.Super. 454, 421 A.2d 810 (1980) (Court remanded the case because the trial court had not considered the reasonableness of the delay, not because the delay itself was excessive); *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980) (Court reasoned that counsel's explanation that he was involved in litigation was an insufficient reason to excuse the lengthy delay in proceeding); *St. Joe Paper Company v. Marc Box, Inc.,* 260 Pa.Super. 515, 394 A.2d 1045 (1978) (where the court held that mere inadvertence of counsel without more is not a sufficient reason to open a default judgment); *International Telephone and Telegraph Corporation v. Philadelphia Electric Company,* 250 Pa.Super. 378, 378 A.2d 986 (1977) (Court held that absent an explanation for a two-year delay, oversight of counsel is not a sufficient reason to open judgment); *Dupree v. Lee, M.D., supra* (Court held that a reasonable explanation for counsel's mistake, oversight, or neglect is an excusing condition

which would justify vacating a non pros); *Alexander v. Jesray Construction Company*, 237 Pa.Super. 99, 346 A.2d 566 (1975) (counsel's mistake in filing an answer was a reasonable excuse for delay); *Holliday v. Foster*, 221 Pa. Super. 388, 292 A.2d 438 (1972) (where the Court found a reasonable excuse for a five-year delay and reversed a judgment of non pros).

In the instant case the court en banc applied established standards and found compelling reasons which justified the delay. Thus, there is no abuse of discretion.

In *McFadden v. Pennzoil Co.*, 326 Pa. 277, 191 A. 584 (1937), our Supreme Court upheld the striking of a judgment of non pros when it appeared that the delay in the case had been due to counsel's bad health and oversight rather than any neglect by the plaintiff. *Cf. Esso Standard Oil Co. v. Taylor*, 399 Pa. 324, 159 A.2d 692 (1960); *Arzinger v. Baughman*, 348 Pa. 84, 34 A.2d 64 (1943).

*Carter v. Amick*, 246 Pa.Super. 530, 535, 371 A.2d 961, 964 (1977).

We acknowledge that a litigant is generally held to the representation provided by his chosen counsel. There are cases where delay caused merely by counsel's neglect have resulted in the court's refusal to deprive a litigant of his day in court. *Manson v. First National Bank, supra. Accord, White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974); *Poluka v. Cole*, 222 Pa.Super. 500, 295 A.2d 132 (1972). A bare assertion of counsel's neglect, without more, will not mandate a second day in court. *Moore v. Heebner, Inc.*, 321 Pa.Super. 226, 467 A.2d 1336 (1983). However, counsel's neglect coupled with a reasonable explanation for the delay will constitute the requisite elements to justify granting a petition to reinstate. Counsel's mental and emotional disturbance rendering him unable to fulfill his duty to his client is such a compelling reason.

Order affirmed.