509 A.2d 1256

**M.N.C. CORPORATION, a Delaware Corporation, Appellee,**

v.

**MOUNT LEBANON MEDICAL CENTER, INC., a Pennsylvania Corporation, and William J. Bartram, President, and William J. Bartram, an individual, Appellants.**

Supreme Court of Pennsylvania.
Argued March 3, 1986.

Decided June 3, 1986.

John B. Nicklas, Jr., Donald J. Strunk, McCrady & Nicklas, Pittsburgh, for appellants.

Rochelle S. Friedman, Carl Max Janavitz, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

In this appeal we are asked to review the Superior Court's reversal of the trial court's order granting appellants', Mt. Lebanon Medical Center and William J. Bartram's, petition to open judgment confessed on a note issued by appellants to appellee, M.N.C. Corporation. 344 Pa.Super. 359, 483 A.2d 490.

In 1979, appellee leased a building owned by appellants. Unbeknownst to appellants, appellee was in the business of storing and distributing pornographic material. Soon after appellee moved in, the Township of Mt. Lebanon began issuing to appellee daily citations for building code and zoning violations. Appellee brought a suit in equity against the Township seeking to enjoin the Township from continu-

ing to issue the citations. As a result, the Court of Common Pleas of Allegheny County ordered that the building be padlocked until further notice of the court. Appellants then sought permission to intervene, which was granted, and appellants entered a claim against appellee for damages and back rent. After extensive negotiations among the three parties, the matter was "resolved" and a consent decree was entered on April 18, 1980. That decree ordered that appellee vacate the premises, that appellee leave its permanent improvements intact, and that appellants issue to appellee a ninety day judgment note, immediately recordable, in the amount of $15,000, which amount represented the agreed-upon value of the permanent improvements. Appellants immediately issued the required note to appellee and on April 23, 1980, appellee obtained a judgment on the note.

On May 5, 1980, appellee vacated the premises. Appellants thereafter discovered that some of the permanent improvements made by appellee had been removed from the premises and appellants therefore refused to pay the $15,-000, due July 15, 1980. On July 30, 1980, appellee executed judgment by garnishing appellants' bank account. On August 8, 1980, appellants petitioned the court to open the judgment.

Pursuant to appellants' petition to open, the court issued a rule to show cause why the judgment should not be opened. Appellee filed an answer and a hearing was held on October 8, 1980. In support of the petition, appellants alleged that appellee had failed to comply with the consent decree by removing some of the permanent improvements, and that there had thus been a failure of consideration for the issuance of the note. The trial court construed appellants' claim as a set-off and held that, as such, it was not a basis for opening judgment. The court therefore dismissed the rule and denied the petition to open.

Appellants appealed to the Superior Court. The trial court thereafter filed an opinion pursuant to Pa.R.A.P. 1925. In that opinion, the trial court concluded that appellants *had* offered a defense sufficient to justify opening the judgment and that it (the trial court) had thus erred in

denying the petition to open. Since the case had been appealed to the Superior Court, however, the trial court determined that it was without jurisdiction to reverse its order. Based on the trial court's opinion, the Superior Court remanded the case to the trial court for reconsideration of its order. Thereupon, the trial court issued an order making the rule absolute and granted the petition to open.

Appellee then appealed to the Superior Court, which reversed. The Superior Court held that the trial court's conclusion that appellants had offered a defense sufficient to justify opening the judgment was not supported by the record. We granted appellants' petition for allowance of appeal.

The standard of review by which we are guided was recently enunciated by this Court in *First Seneca Bank & Trust Company v. Laurel Mountain Development Corporation*, 506 Pa. 439, 442, 485 A.2d 1086, 1088 (1984):

A petition to open judgment is an appeal to the equitable powers of the court. As such it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.

Furthermore,

[a] judgment taken by confession will be opened in only a limited number of circumstances, and only when the person seeking to have it opened acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury.

*Id.*, 506 Pa. at 443, 485 A.2d at 1088.

■ Initially, on the question of whether appellants acted promptly in filing the petition to open, the record reveals that judgment was entered on the note on April 23, 1980, and that appellants filed the petition to open on August 8, 1980, 107 days later. The record also reveals that the note was not due until July 15, 1980, however, and therefore appellants had no reason to seek to have the judgment opened until that date. Furthermore, as evidenced by letters between counsel, from July 15 until August 8, when

the petition to open was filed, the parties were attempting to settle the matter between themselves without resorting to the courts. Under the circumstances, therefore, we conclude that appellants acted promptly in filing the petition to open.

With respect to the second requirement, that of alleging a meritorious defense, appellants' allegation of appellee's failure to comply with the agreement embodied in the consent decree is, in legal terms, a defense of failure of consideration. The trial court found that appellee's promise to leave the permanent improvements intact served as consideration for the note, and concluded that appellants' claim was thus "attached to the judgment or to the consideration on which it rests," and was therefore available as a basis for opening the judgment, even though the trial court construed the claim as a "set-off" which, as such, would ordinarily *not* be available as a basis for opening a judgment. Trial Court Opinion at 5 (citing *Pollard and Brant, Inc. v. Stein,* 81 Pa.Super. 374 (1923)). In reversing, the Superior Court held that the trial court's finding that the permanent improvements served as consideration for the note was unfounded, and that, therefore, in its view, appellants' claim was a mere "set-off", which, under *Pollard, supra,* could not serve as a basis for opening judgment. The lower courts erred, however, in classifying appellants' claim as a "set-off" and in applying the common-law rules applicable to set-offs.

A set-off is a "counter-claim demand which defendant holds against plaintiff, arising out of a transaction *extrinsic* of plaintiff's cause of action." BLACK'S LAW DICTIONARY 1230 (rev. 5th ed. 1979) (emphasis added). In the instant case, appellants' claim is *not* extrinsic to appellee's cause of action. Failure of consideration goes to the heart of any claim based on an agreement and is thus always available as a *defense* to that claim. *See Levine Estate,* 383 Pa. 354, 118 A.2d 741 (1955) (failure of consideration is always available as a defense to a claim based on an agreement). Therefore, appellants have fulfilled the requirement of alleging a meritorious defense.

■ With respect to the third requirement, that of presenting sufficient evidence of the offered defense to require submission of the issues to the jury, the record reveals that appellants presented a copy of the consent decree and of various letters exchanged between counsel to support its allegation that it had agreed to issue the $15,000 note to appellee in exchange for appellee's promise to leave its permanent improvements intact. Appellants also offered to produce the testimony of various individuals to show that certain of the improvements had been removed by appellee when appellee vacated the premises. Such evidence, if offered at trial, would present a genuine issue of fact and would thus require the trial court to submit the issue to the jury.

In conclusion, since appellants have met the three requirements necessary for opening judgment, the trial court did not abuse its discretion in granting the petition to open.

Accordingly, the Order of the Superior Court is reversed, and the Order of the Court of Common Pleas of Allegheny County granting the petition to open is reinstated.

ZAPPALA and PAPADAKOS, JJ., did not participate in the consideration or decision of this matter.