2022 PA Super 123

| | | |
|---|---|---|
| OBARA REALTY GROUP, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ATLAS REAL ESTATE INVESTMENTS, LLC AND ROBERT GORRA | : | |
| | : | No. 2630 EDA 2021 |
| APPEAL OF: ROBERT GORRA | : | |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Aug. Term, 2021 No. 01984

| | | |
|---|---|---|
| OBARA REALTY GROUP, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ATLAS REAL ESTATE INVESTMENTS, LLC AND ROBERT GORRA | : | |
| | : | No. 2631 EDA 2021 |
| APPEAL OF: ATLAS REAL ESTATE INVESTMENTS, LLC | : | |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Aug. Term, 2021 No. 01984

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

OPINION BY BOWES, J.: **FILED JULY 19, 2022**

These appeals stem from a confession of judgment filed by Obara Realty Group, LLC ("Obara") against Atlas Real Estate Investments, LLC ("Atlas") and Robert Gorra ("Mr. Gorra") (collectively, "Defendants"). Atlas appeals from

the November 17, 2021 order denying its petition to open and/or strike the judgment by confession. Mr. Gorra appeals from the same order, which denied his petition for costs and fees.[1] We affirm the portion of the order denying Atlas's petition, vacate the portion of the order denying Mr. Gorra's petition, and remand with instructions.

We glean the following facts and procedural history from the certified record. On January 12, 2021, Atlas executed a Term Note for the principal sum of $121,284, with Obara as the lender and repayment due no later than the maturation date of July 31, 2021. The loan was associated with a plan to rehabilitate and sell real property in Philadelphia. Mr. Gorra signed the Term Note and a Guaranty of Payment on behalf of Atlas. Obara made a partial disbursement to Atlas in the amount of $46,504. Atlas did not make any repayment at the time the Term Note matured and Obara filed a complaint in confession of judgment against Atlas and Mr. Gorra for the amount disbursed plus interest and attorney's fees. Obara subsequently filed a *praecipe* to vacate the judgment against Mr. Gorra.

Thereafter, Atlas and Mr. Gorra filed a joint petition. Atlas sought to open and/or strike the judgment based on the arguments that a condition precedent had not been satisfied and Obara had failed to aver a default, Obara confessed judgment for an indeterminate amount that was subject to open

---

[1] These appeals were consolidated by stipulation of the parties. **See** Pa.R.A.P. 513. Defendants, who are represented by the same attorney, filed a joint brief and reply brief.

arbitration proceedings, Obara incorrectly set the interest rate, and the agreement did not support Obara's claim for attorney's fees. Mr. Gorra sought reimbursement of costs and fees for being incorrectly identified as a defendant in the confession of judgment action. Obara filed a response in opposition. In Atlas's sur-reply, it further argued that "failure of consideration preclude[d] enforcement of the confessed judgment" because Atlas never received the full principal sum. Sur-reply in Support of Petition to Open and/or Strike Confessed Judgment, 10/29/21, at 1 (emphasis omitted).

The trial court denied Atlas's petition because it found the sale of the property was not a condition precedent to payment and there was a "sum certain that is outstanding and due." Order, 11/17/21, at 1 n.1. The court denied without prejudice Mr. Gorra's motion on the basis that the relief sought was a function of the Office of Judicial Records, not the trial court. *Id*.

These timely filed appeals followed. Defendants and the trial court have complied with Pa.R.A.P. 1925. Defendants present two issues for our review:

1. Where the record submitted by [Obara] in support of a confession of judgment states that [Obara] failed to deliver the consideration ($121,284) to [Atlas] in exchange for [Atlas's] agreement to a confession of judgment provision in their contract, does that satisfy the standard for striking and/or opening a confessed judgment for failure of consideration?

2. In a matter of first impression, under 42 Pa.C.S. § 2737.1 ("Incorrect Debtor Identified"), where a debtor has been incorrectly identified and had a confession of judgment entered against him, shall the trial court award "costs and reasonable attorney fees as determined by the court," instead of the Office of Judicial Records?

- 3 -

Defendants' brief at 3.[2]

We review an order denying a petition to strike or open a confessed judgment for an abuse of discretion, as follows:

> A confessed judgment will be stricken only if a fatal defect or irregularity appears on the face of the record. A judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. In adjudicating the petition to strike and/or open the confessed judgment, the trial court is charged with determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury. A meritorious defense is one upon which relief could be afforded if proven at trial.

*Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013) (cleaned up).

Atlas presents two arguments in support of its contention that the trial court erred in denying its petition to open or strike the confessed judgment. First, it contends that Obara "failed to perform their obligation to deliver payment of the 'principal sum' of $121,284 to [Atlas] in January 2021 as

_____

[2] In the argument section of their brief, Defendants also argue that the trial court erred in failing to find an agreement to arbitrate. *See* Defendants' brief at 12-20. Although the trial court addressed this argument in a footnote, *see* Trial Court Opinion, 1/31/22, at 8 n.30, Defendants did not preserve this claim in their Rule 1925(b) statement or in the statement of questions in their appellate brief. Accordingly, it is waived. *See* Pa.R.A.P. 1925(b); Pa.R.A.P. 2116(a). Even if not waived, we would affirm on the identical basis expressed by the trial court. *See* Trial Court Opinion, 1/31/22, at 8 n.30 (finding that Atlas's agreement to arbitrate in a separate contract with a separate entity to which Obara was not a party was insufficient to create a meritorious defense, despite Obara's managing partner also being one of the owners of the separate entity, as the Term Note did not contain an arbitration provision and did not merge with the other contract containing the arbitration provision).

specified in their Term Note" and that this "constitutes a failure of consideration that precludes enforcement of the confession of judgment provisions of the Term Note." Defendants' brief at 12.

Failure of consideration "goes to the heart of any claim based on an agreement and is always available as a defense to that claim." *McGuire v. Schneider, Inc.*, 534 A.2d 115, 118 (Pa.Super. 1987) (citation omitted). Thus, Atlas alleged a meritorious defense. *See M.N.C. Corp. v. Mount Lebanon Medical Center Inc.*, 509 A.2d 1256, 1259 (Pa. 1986). Nonetheless, the trial court denied Atlas's petition to open the judgment based on a finding that Atlas did not present sufficient evidence to warrant submitting the defense to a jury:

> [Obara] disbursed $46,504 of the principal sum to Atlas on or before the maturity date. Once the Term Note matured, payment was due. The $46,504 disbursed was the consideration for the Term Note notwithstanding the fact that monies remained available for disbursement. [Obara] did not confess judgment on the entire principal sum made available for Atlas'[s] use. [Obara] only confessed judgment on the unpaid balance of the principal indebtedness due on the maturity date of the loan. It is clear from the Term Note that the parties contemplated a situation wherein the entire principal sum would not be distributed.

Trial Court Opinion, 1/31/22, at 7 (footnote omitted).

In its complaint, Obara averred that although it had reserved the entire principal amount for Atlas, it had disbursed $46,504 and, with interest and attorney's fees, Atlas owed Obara repayment in the amount of $56,672.65. Complaint, 8/23/21, at 2-3. Atlas does not challenge the accuracy of this partial disbursement. Instead, it bases its defense solely on Obara's failure to

disburse the entire principal sum. In other words, Atlas contends that its obligation to pay Obara was contingent upon receipt of the full principal sum.

Upon review of the certified record, the Term Note supports the trial court's conclusion that the parties bargained for the potential that only a portion of the principal sum would be disbursed and that the amount actually disbursed, whether the entire principal sum or a portion thereof, would be payable and due no later than July 31, 2021. Paragraph two of the Term Note provides for payment in pertinent part as follows:

> [Atlas] shall pay the entire principal sum hereunder upon sale of their property . . . together with [Obara's] pro rata share of free cash flow available no later than July 31, 2021. [Obara's] pro rata share is defined as total loan proceeds **actually disbursed** by [Obara] divided by total cash invested into the property by both [Atlas's] equity and [Obara's] loan disbursements[.]

Term Note, 1/12/21, at ¶ 2 (emphasis in original). Obara disbursed $46,504 of the principal sum and, under the plain language of the Term Note, payment of that actual disbursement amount was due no later than July 31, 2021. Accordingly, the trial court did not abuse its discretion in denying Atlas's petition to open judgment on this basis.

Atlas next argues that the judgment should have been stricken because Obara failed to aver a default in the complaint. *See* Defendants' brief at 21. According to Atlas, "neither the complaint nor the [attached] affidavit aver default in payment," but instead only aver that Defendants "owe money to [Obara], without specifying how that is a default." *Id*. at 22 (footnote omitted).

A complaint for a confession of judgment "shall contain . . . if the judgment may be entered only after a default or the occurrence of a condition precedent, an averment of the default or of the occurrence of the condition precedent." Pa.R.C.P. 2952(a)(6). Unlike the requirements set forth in Pa.R.C.P. 1019(b) regarding an averment of fraud or mistake, "default need not be averred with particularity." **Stahl Oil Co., Inc. v Helsel**, 860 A.2d 508, 513 (Pa.Super. 2004).

Obara stated in its complaint that it had disbursed $46,504 to Atlas and, with interest and attorney's fees, Atlas owed Obara repayment in the amount of $56,672.65. **See** Complaint, 8/23/21, at 2-3. Additionally, it noted that it had attached an averment of default. **Id**. at 3. The attached averment includes an affidavit on behalf of Obara, stating that Defendants entered into the Term Note and Guaranty Agreement, which were included as Attachments A and B, respectively, and that "there is $56,672.65 due and owing under the Agreements." **Id**. at Averment of Default. As discussed *supra*, the Term Note provided that repayment of the loan amount actually disbursed was due no later than July 31, 2021. Additionally, the Term Note provided that "an event of default under this note shall be deemed to have occurred if. . . [Atlas] defaults in any payment." Term Note, 1/12/21, at ¶ 8(a) (unnecessary capitalization omitted).

The trial court concluded that Obara met the requirement for averring a default based on the statements in the attached averment of default. **See**

Trial Court Opinion, 1/31/22, at 4. Upon review of the certified record, we agree that Obara sufficiently pled default in the complaint and the attached documents. Accordingly, the trial court did not abuse its discretion in denying Atlas's petition to strike on this basis.

Finally, Defendants argue that the trial court erred in failing to award Mr. Gorra costs and reasonable attorney fees for Obara misidentifying him as a debtor in the confessed judgment action. Defendants' brief at 23. By way of background, Mr. Gorra sought costs and reasonable attorney fees based on the misidentification pursuant to 42 Pa.C.S. § 2737.1. This section, which appears within the subchapter detailing the responsibilities of the office of the prothonotary, provides as follows:

> **§ 2737.1. Incorrect debtor identified**
>
> **(a) Procedure.--**A creditor that files for a judgment by confession under section 2737(3) (relating to powers and duties of the office of the prothonotary) shall comply with the Pennsylvania Rules of Civil Procedure regarding confession of judgment, including any notice provisions. A debtor who has been incorrectly identified and had a confession or judgment entered against him may petition the court for costs and reasonable attorney fees as determined by the court.
>
> **(b) Effect on judgment.--**A judgment shall not be stricken or opened because of a creditor's failure to provide a correctly identified debtor with instructions pursuant to this section regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.

42 Pa.C.S. § 2737.1.

The trial court denied Mr. Gorra's petition as it found the relief sought was a function belonging to the Office of Judicial Records,[3] not the trial court. Order, 11/17/21, at 1 n.1. As such, the court denied the petition without prejudice for Mr. Gorra to seek relief with the Office of Judicial Records. *Id*. As a matter of first impression, Mr. Gorra argues that pursuant to § 2737.1, it is the trial court and not the prothonotary who determines whether to award costs and reasonable attorney fees. Defendants' brief at 23-25. Mr. Gorra asks this Court to remand the matter to the trial court with instructions to dismiss him from the civil action and determine the costs and fees due under § 2737.1. *Id*. at 28.

Obara states that it is unopposed to executing the necessary paperwork to dismiss Mr. Gorra from the action. Obara's brief at 17. It contends, however, that Mr. Gorra has waived his request for fees by failing to follow the court's directive to seek relief with the Office of Judicial Records. *Id*. at 18-19. In reply, Mr. Gorra agrees with Obara's acquiescence to dismissing Mr. Gorra from the action, subject to reimbursement of fees pursuant to § 2737.1. Defendants' reply brief at unnumbered 2. Mr. Gorra does not respond to Obara's argument that his request for fees is waived.

Since this is a matter of statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *See Ryan v. Ruize*, 268 A.3d

---

[3] The Office of Judicial Records in Philadelphia was formerly known as the Office of the Prothonotary.

1109, 1112 (Pa.Super. 2021) (citation omitted). Instantly, the trial court concluded that Mr. Gorra was required to seek costs and reasonable attorney fees pursuant to § 2737.1 via the Office of Judicial Records because § 2737.1 is contained within the subchapter detailing the responsibilities of the prothonotary. While this observation is accurate, § 2737.1 unambiguously states that "[a] debtor who has been incorrectly identified and had a confession or judgment entered against him may petition **the court** for costs and reasonable attorney fees as determined by **the court**." 42 Pa.C.S. § 2737.1(a) (emphasis added). Nowhere in the prothonotary subchapter is the prothonotary referred to as "the court." Rather, when referencing the duties of the prothonotary, this subchapter utilizes "the prothonotary" and "the office of the prothonotary." *See* 42 Pa.C.S. §§ 2732-2738; *see also* 42 Pa.C.S. § 2731 (stating that the prothonotary "shall be known as the 'Prothonotary of (the respective) County."). Therefore, the plain language of the statute clearly directs a debtor to file a petition with the court, not the prothonotary, for costs and reasonable attorney fees in relation to being misidentified as a debtor in a confessed judgment action.

Based on the foregoing, Mr. Gorra properly petitioned the trial court for costs and reasonable attorney fees after being misidentified as a debtor in a confessed judgment action, pursuant to § 2737.1, and the trial court erred in denying him relief outright and sending him instead to the Office of Judicial Records to seek relief. Accordingly, we vacate the portion of the order denying

Mr. Gorra's petition and remand for the trial court to consider the merits of his petition for costs and reasonable attorney fees. Upon remand, the trial court shall also dismiss Mr. Gorra from the confessed judgment action.

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2022