## Miers Johnston Printing Corp. v. Bucks County Bank and Trust Co.

C.P. of Lehigh County, no. 1992-C-2442.

*Stuart L. Hall,* for plaintiff.
*Kimberly L. Russell,* for defendant.

GARDNER, *P.J.,* June 22, 2000—This matter is before the court on the petition to strike and/or open judgment filed by plaintiff Miers Johnston Printing Corporation. In its petition, plaintiff seeks to either strike or open our order dated May 21, 1999. That order granted defendant Bucks County Bank and Trust Company's motion to enter judgment of non pros filed July 12, 1995, and dismissed plaintiff's complaint and amended complaint. For the reasons expressed below, we deny the petition.

In this lawsuit, plaintiff seeks damages in the amount of $338,000 plus interest, costs and reasonable attorney's fees for defendant bank's use and occupation of premises owned by plaintiff, but occupied by defendant bank as the result of a default on a loan from the bank by a former tenant of the premises. Plaintiff seeks lost rental value of

its building (including the property taxes and insurance payments) and the cost of cleaning up debris and toxic materials left behind when the tenant turned over the building.

This matter is before the court on remand from the Supreme Court of Pennsylvania. We originally granted defendant's within motion to enter judgment of non pros by our order and bench opinion of December 1, 1995. Our decision was based on the grounds that plaintiff exhibited a lack of due diligence by failing to proceed with this litigation with reasonable promptitude, on the grounds that there was no compelling reasons for the delay, and on the grounds that the delay caused prejudice to the adverse party.

Regarding the prejudice, we relied upon *Penn Piping Inc. v. Insurance Company of North America*, 529 Pa. 350, 356, 603 A.2d 1006, 1009 (1992) for the proposition that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. We found that a period in excess of two-and-one-half years elapsed between the time plaintiff filed its reply to new matter on February 3, 1993 and filed its motion for summary judgment on September 18, 1995. We found that during that period, the record reflects no substantial action taken by plaintiff in this case.

On February 12, 1997 our decision was affirmed by the Superior Court of Pennsylvania. On April 22, 1998 in a two-sentence per curiam order, the Supreme Court of Pennsylvania, in no. 145, Middle District appeal docket 1997, vacated our December 1, 1995 order and remanded the case "for reconsideration in light of *Marino v. Hackman*[1] and *Jacobs v. Halloran*.[2]"

1. 551 Pa. 369, 710 A.2d 1108 (1998).
2. 551 Pa. 350, 710 A.2d 1098 (1998).

The Supreme Court in *Jacobs* abandoned the two-year presumption of prejudice announced in *Penn Piping, supra*, and required there to be actual prejudice in order to dismiss a case for inactivity. Accordingly, the within matter was remanded for a determination whether defendant experienced actual prejudice as a result of the delay.

In *Jacobs v. Halloran, supra*, the Supreme Court of Pennsylvania announced a three-part test. The Supreme Court stated that to dismiss a case for inactivity, pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. 551 Pa. at 355, 710 A.2d at 1101.

On May 21, 1999 we held oral argument based upon a joint stipulation of agreed upon facts which was filed November 6, 1998. Immediately after oral argument in open court, on the record and in the presence of counsel for the parties, we dictated an order and bench opinion granting defendant's motion for non pros for reasons articulated in that opinion, which we incorporate here.

Because the Supreme Court vacated our December 1, 1995 order in its entirety, not just the prejudice prong, we concluded that it was appropriate to revisit each prong of the three-prong test.

First, we extensively reviewed both the docket and non-docket activity and concluded that plaintiff failed to proceed with reasonable promptitude. (This was similar to our original analysis and conclusion in our first order and bench opinion of December 1, 1995, which is also incorporated here.)

Second, we concluded that plaintiff had failed to produce a compelling reason for the delay. We stated "in this regard, plaintiff points only to the negligence of local counsel in failing to promptly file the motion for summary judgment, which was forwarded by Boston counsel for that purpose. Plaintiff offers no reason or justification for local counsel's failure beyond the bare assertion of that failure. As noted by the Superior Court in its memorandum opinion, bare allegations of counsel's negligence, without more, will not mandate a second day in court. *Alston v. Philadelphia Electric Company*, 337 Pa. Super. 46, 57, 486 A.2d 473, 478 (1984)." Bench opinion of May 21, 1999, p. 7.

Third, we concluded that the delay caused defendant actual prejudice. We incorporate our detailed analysis on this point here. Briefly, we concluded that the former senior vice-president[3] and former administrative vice-president[4] of defendant bank each left his employment with defendant's successor bank in 1995. We determined that there are no employees currently at the successor bank who were responsible for handling or monitoring defendant's loan relationship with plaintiff's tenant, the tenant's subsequent bankruptcy proceedings, and the events which ultimately led to the instant litigation.

We concluded that the oral depositions of these two vice-presidents[5] reflected a lack of memory on all but

3. Richard Slimmer.
4. Richard Mitstifer.
5. See the January 27, 1999 deposition of Richard Mitstifer filed April 30, 1999 as exhibit 2 to the third supplemental memorandum of law in support of defendant's motion to enter judgment of non pros, and the January 27, 1999 deposition of Richard Slimmer filed April 30, 1999 as exhibit 1 to the third supplemental memorandum of law in support of defendant's motion to enter judgment of non pros.

the most general details of these transactions, which occurred eight years ago and earlier. The Supreme Court in *Jacobs* indicated that fading memories may prejudice a party. We stated "we find that under the circumstances of this case, the delays in bringing this matter to trial, attributable to plaintiff, caused memory loss to such an extent as to create actual prejudice to defendant. Specifically, defendant is unable to reconstruct a defense as a result of plaintiff's delays from 1993 to 1995. Had plaintiff acted promptly at that time, this case would have proceeded to trial in that time frame, at a time when additional bank employees and other witnesses could have been identified and their testimony preserved, and at a time when the memories of the two presently existing witnesses would have been sharper and clearer." Bench opinion of May 21, 1999, pp. 8-9.

Initially we note that, although plaintiff styled its request as a petition to strike or open a judgment, it is really a motion to reconsider our order of May 21, 1999 granting defendant's motion for non pros a second time. Plaintiff advances only two arguments in support of its petition.

First, plaintiff argues that our conclusion that plaintiff failed to produce a compelling reason for the delay (the second prong) is not supported by the record. Second, plaintiff argues that our conclusion, that the delay caused defendant actual prejudice (the third prong) is not supported by the record.

Here plaintiff has filed a petition to strike and to open the judgment of non pros. Under Pa.R.C.P. 3051 this is the proper method to obtain relief from a judgment of non pros. However, plaintiff's petition fails to allege,

and the record fails to establish, the elements of either a motion to strike[6] or a motion to open[7] a judgment.

Moreover, plaintiff's arguments are invalid. Concerning prong two, plaintiff argues that our conclusion, quoted above, that "[p]laintiff offers no reason or justification for local counsel's failure beyond the bare assertion of that failure," is incorrect.

In paragraph 3 of its petition, plaintiff argues that "Miers/Johnston outlined in great and exacting detail in the January 22, 1996 affidavit of Michael O'Neill, (tab 5 of the index of previously filed affidavits) the unsuccessful multitude of efforts made by Miers/Johnston to have its local counsel file the summary judgment motion, thus showing the reason for any delay."

The affidavit asserts a number of unsuccessful efforts made by plaintiff's Boston, Massachusetts attorney, Michael J. O'Neill, Esquire, to request its local counsel, Carmen C. Marinelli Jr., Esquire, to file a motion for summary judgment which had been forwarded by Boston counsel to Mr. Marinelli. However, nowhere in this affidavit, nor anywhere else in the record, is a reason or justification advanced or provided for Mr. Marinelli's failure to file the document, much less a reason sufficiently valid to justify the delay.

---

6. A petition to strike is in the nature of a demurrer directed to defects in the record and, if the record is self-sustaining, the judgment cannot be stricken. *Resolution Trust Corporation v. Copley Qu-Wayne Associates,* 546 Pa. 98, 683 A.2d 269 (1996).

7. The elements of a petition to open a judgment of non pros are to (1) establish the prompt filing of the petition to open; (2) reasonably explain the delay that caused the entry of judgment; and (3) state sufficient facts to establish a cause of action against the defendants. *Simmons v. Luallen,* 738 A.2d 1018, 1021 (Pa. Super. 1999); Pa.R.C.P. 3051.

Plaintiff does not establish that Mr. Marinelli's office burned down, that his file was stolen, that Attorney Marinelli suffered a calamitous illness, or any other reason for local counsel's failure, beyond the bare assertion of that failure. Plaintiff is equally chargeable with local counsel's delay, as it is chargeable with house counsel's delay, or the delay of any of plaintiff's lawyers. Plaintiff erroneously assumes that if the delay is the fault of co-counsel (local counsel), but not house counsel (Boston counsel), then the delay is not attributable to plaintiff. However, plaintiff must establish that the delay of any and all of its counsel was justifiable, which plaintiff has failed to do.

Concerning prong 3 (where we concluded that plaintiff's delay caused defendant actual prejudice) plaintiff contends, in paragraph 7 of its petition,

"(7) The 1999 depositions of defendant's main witnesses (Mr. Mitstifer and Mr. Slimmer) are not relevant to the issue of whether defendant was prejudiced nearly four years earlier. Nevertheless, the deposition transcripts show that the witnesses' memories are such that defendant would not even be prejudiced as of 1999, let alone 1995." We disagree.

First, our review of the 1999 depositions support our conclusion expressed in the May 1999 bench opinion that Mr. Slimmer and Mr. Mitstifer have a lack of memory on all but the most general details of these transactions which occurred eight years ago and earlier. For example, in his deposition Mr. Slimmer testified that he had no specific recollection about any conversations he had regarding this case, except for one conversation he had with a woman, whom Mr. Slimmer believed was the daughter of the owners of Miers Johnston.

Mr. Slimmer testified that he had a vague recollection of this conversation, because it was "a very tense conversation." He remembered the woman was alleging that the bank owed Miers Johnston money for back rents and was responsible for the remainder of the lease, taxes and repairs, and that the woman was very adamant.

Other than this one conversation, Mr. Slimmer testified he had no specific recollection about any other conversations, correspondence, requests to answer discovery questions, requests for production of documents, or anything about this case.

On cross-examination, plaintiff's counsel presented Mr. Slimmer with specific letters, copies of which originally had been sent to Mr. Slimmer. Even after reviewing the letters, Mr. Slimmer had no recollection of ever receiving them, though he acknowledged that it appeared they were sent to him.

In the other deposition, Mr. Mitstifer testified that he had no recollection of any conversation with anybody who worked for Miers Johnston, its attorneys or of any correspondence in this case. He had a vague recollection of the complaint and some of the allegations contained in it, as he remembered reviewing it.

Mr. Mitstifer had no recollection about any meetings or conversations with any of the bank's attorneys about it. He did not remember answering any discovery or being asked to produce any documents. He had no recollection of signing the verification attached to the bank's answer to plaintiff's complaint.

On cross-examination, Mr. Mitstifer did recollect a few things. However, his memory was limited. First, after review of a letter, a copy of which originally had been sent to Mr. Mitstifer, he remembered the bank may have

made an offer to settle, but could not remember any specifics.

Second, after review of another letter, he remembered that some of the property of Spectra Corp. was auctioned off. However, he had no memory of the particular auction, except that he was there to insure that things went smoothly.

Next, Mr. Mitstifer had no recollection of signing or preparing the affidavit which he gave in this matter. However, he did not feel that there was anything untrue or inaccurate about its contents.

The last item plaintiff's counsel had Mr. Mitstifer examine was a letter from defendant's counsel, a copy of which had been sent to Mr. Mitstifer. He had some recollection of receiving it, but he recalled nothing else about the letter.

Accordingly, contrary to plaintiff's assertion, the deposition transcripts do show that the witnesses' memories are such that defendant *is* prejudiced as of 1999.

We also reject plaintiff's contention that the 1999 depositions of the two vice-presidents are not relevant to the issue of whether defendant was prejudiced nearly four years earlier. As noted above, we concluded in the May 1999 bench opinion that plaintiff's delays from 1993 to 1995 caused Mr. Slimmer and Mr. Mitstifer to have memory loss to such an extent that defendant is now unable to reconstruct a defense. We concluded that had plaintiff acted promptly in 1993, the case could have proceeded to trial at that time, and additional bank employees and other witnesses could have been identified and their testimony preserved, and the memories of the two vice-presidents would have been sharper and clearer.

The 1999 depositions are relevant to establish that there is a current memory loss which prevents the reconstruction of a defense. If plaintiff had not delayed the progress of the case for two years, the case would have proceeded to trial much earlier at a time when their memories would have been clear enough to establish a defense. Therefore, the current memory loss of these witnesses *is* relevant.

We have now thoroughly reviewed these matters three times (in the bench opinion of December 1, 1995, the bench opinion of May 21, 1999, and in the within opinion). Further review of the matter by this court, as sought in plaintiff's petition, would be pointless.[8]

---

8. Although plaintiff does not argue the point in its petition, Michael J. O'Neill states in paragraph 20 of his January 22, 1996 affidavit that during a July 18, 1995 telephone status conference that the undersigned "stated that the motion for summary judgment [which plaintiff's counsel indicated he would be filing] would take care of the motion for judgment of non pros. It was my clear understanding based on the judge's statement that, upon our filing of the motion for summary judgment, the non pros motion would be moot." Plaintiff filed its motion for summary judgment on September 18, 1995.

The undersigned does not recollect stating to counsel at the July 18, 1995 status conference that the filing of a motion for summary judgment by plaintiff would render moot defendant's motion for non pros. Moreover, the notes of the undersigned of that status conference do not reflect such a statement. In addition, the status conference order of the undersigned dated July 18, 1995 and filed July 25, 1995 does not state that.

On the contrary, the status conference order states, "it is further ordered that the Lehigh County civil calendar control supervisor shall schedule all summary judgment motions, and defendant Bucks County Bank and Trust Company's motion to enter judgment of non pros for a single consolidated argument in November 1995." This is contrary to plaintiff's assertion that the filing of a summary judgment motion would render it unnecessary to argue the motion for non pros.

For all the foregoing reasons, we deny plaintiff's petition to strike or open the judgment.

ORDER

Now, June 22, 2000, upon consideration of the petition to strike and/or open judgment filed by plaintiff, upon consideration of defendant's response to plaintiff's petition to strike and/or open judgment, and for the reasons expressed in the accompanying opinion, it is ordered that the petition is denied.

---

Moreover, in the absence of an actual order, a party cannot create a court order by filing an affidavit stating that the judge said something which might constitute a court order.

In addition, on at least three occasions plaintiff waived the argument that the undersigned said on July 18, 1995 that a summary judgment motion would render moot a non pros motion. First, plaintiff waived that argument by not filing a response to defendant's motion for non pros. Second, plaintiff waived the argument by not raising it in oral argument on that motion on December 1, 1995. Third, plaintiff waived the argument by not raising the argument in its within petition to strike or open.

Finally, the Superior Court of Pennsylvania in its memorandum opinion of February 12, 1997 (reversed on other grounds) considered and rejected plaintiff's contention that the filing of plaintiff's motion for summary judgment rendered moot defendant's motion for non pros.