## Reese v. Adamson et al., Commissioners, Appellants.

*Appeals—Moot question.*

1. When the questions raised on an appeal have become moot, the court will ordinarily refuse to decide them.

254 REESE *v.* ADAMSON et al., COMMRS., Appellants.

*Estoppel—Record—Estoppel of record—Order of court—Facts averred.*

2. A litigant who obtains an order of court, based on a fact averred by him, cannot, while the order remains in effect, assert, as against his adversary, anything differing from that fact.

Argued October 4, 1922. Appeal, No. 125, Jan. T., 1923, by defendants, from order of C. P., Schuylkill Co., Sept. T., 1922, No. 56, awarding writ of mandamus, in case of Frank C. Reese v. William R. Adamson et al., Commissioners of Schuylkill County and as Board of Revision of Taxes. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeal quashed.

Petition for writ of mandamus. Before BECHTEL, P. J. The opinion of the Supreme Court states the facts. Writ awarded. Defendants appealed.

*Error assigned,* inter alia, was order, quoting it.

Motion to dismiss appeal.

*A. L. Shay* and *E. D. Smith,* with them *C. A. Snyder,* for appellants.—The question is not academic either from the standpoint of duty of the county commissioners, or of right of appellee to have his hearing postponed.

*M. J. Ryan,* for appellee.—The general rule is that the existence of an actual controversy is an essential requisite to appellate jurisdiction.

OPINION BY MR. JUSTICE SIMPSON, January 29, 1923:
Defendants appeal from a judgment of the court below awarding a peremptory mandamus against them, and plaintiff moves to quash the appeal upon the ground that, "since the judgment in the case," defendants have fully complied with the order of that court, and hence, quoad this appeal, the questions raised have become

academic. Appellants' answer does not dispute the fact of compliance, but alleges the appeal should not be quashed, because to do so might thereafter "subject [them] to the charge of violating the command of the court," as appearing in the peremptory writ. This, however, cannot be so. When a litigant obtains an order of the court, based on a fact averred by him, he is forever estopped, while the order remains in effect, from asserting, as against his adversary, anything differing from the fact so averred: Edwards' App., 105 Pa. 103; Garber v. Doersom, 117 Pa. 162; Donnelly v. Public Service Commission, 268 Pa. 345, 350. It follows that the general rule applies and the appeal should be quashed: Winston v. Ladner, 264 Pa. 548.

Appeal quashed.