BARRETT *v.* THE W. P. SOUTHWORTH CO. ET AL.

(Decided January 27, 1930.)

*Messrs. Turney & Sipe,* for plaintiff.
*Messrs. Ford & Kiefer,* for defendants.

VICKERY, P. J. This cause comes into this court on appeal from the common pleas court of Cuyahoga county and was heard upon the same evidence that was introduced below, and from the record, briefs, and oral arguments of counsel we learn that in the common pleas court the action was brought by the plaintiff, Edna Mary Louise Barrett, against the defendants to quiet title for herself and the minor heirs of Edna May Canfield Barrett, deceased, in whose

name the real estate described in the petition stood at the time of her death. We also learn that J. Lawrence Barrett was the husband of the decedent and the father of the plaintiff and the minors who were heirs at law of the decedent.

The decedent, prior to her death, made a will which created for the husband what might be denominated a sort of spendthrift trust; that is, it gave him interest in the property, but was not subject to be reached by the creditors that he might have or afterwards would have. The fee in the real estate, except for the beneficial interest the husband might have in it, was left to the children. The husband, J. Lawrence Barrett, was to keep up the taxes and so forth in connection with the property.

The will was duly authenticated, was filed for probate in the probate court of Cuyahoga county, and was admitted to probate. It seems that the will was probated about 1921, and that for some reason or other J. Lawrence Barrett, the husband and widower of the decedent, did not make his election to take either under the will or under the law until some time in 1925, about four years after the probation of the will, when, after being cited, he elected to take under the will; and now the difficulty arises.

Subsequent to the death of his wife, J. Lawrence Barrett created certain debts, and the various defendants in this action were his creditors, and each one brought a separate action in a justice of the peace court and procured a judgment against Barrett, after which a transcript was filed in the common pleas court, and, there being no property on which to levy, proceedings were filed under the

authority of the case of *Boltz* v. *Stolz*, 41 Ohio St., 540, which in effect held that the dower interest, even though unassigned, might be reached in a court of equity, and that in such case the court of equity would appoint a receiver and have an assignment of dower made; and, where it could be done by metes and bounds, then the dower thus assigned might be sold as on execution; where it could not be done by metes and bounds, his interest could be determined out of the rents and profits and ordered paid to the receiver.

This latter was the course adopted in the instant case, and an order was made ordering payment to the receiver of the income, or such portion of it as would be due to Barrett, until the various creditors that had participated in the matter should be paid, and an order was made in conformance with the decision of the court in 41 Ohio State, *supra.*

Subsequently, before this order had been complied with, and before the receiver had collected any money, so far as appears, Barrett elected to take under the will, and in 1925 the probate court made the appropriate entry of his election. When this situation was developed, the attention of the common pleas court, Judge Ruhl, I believe, was called to it and to the fact that, inasmuch as Barrett had elected to take under the will, there was no dower interest, and that the proceedings in which a receiver was appointed to collect the interest that would have been coming to him had there been a dower must necessarily fail, because there was nothing that a receiver could take under such proceedings, because as a matter of fact there was no dower inter-

est, and hence could be no assignment of dower, and that any proceeding, so far as it attempted to reach this property, was futile and of no effect. Whereupon Judge Ruhl vacated the appointment of the receiver and directed that he should vacate whatever orders he had made and should not proceed further under the order appointing him receiver.

That was the situation when it was sought by the plaintiff and the other coparceners in the real estate with her to seek a loan from an insurance company to pay up the former mortgages, taxes, and other claims that legitimately could be charged against the estate, when, upon bringing down the abstract or certificate of title, these pending actions and the proceedings of the various creditors named as defendants in this action were found to be clouds upon the title of the plaintiff and her coparceners in title, and so this action was brought to quiet title.

We have heard this case and have examined the authorities. The fact of it is the writer of this opinion has given much attention and has examined the authorities very closely, and we have been constrained to come to the conclusion that but for what may appear hereafter the prayer of the plaintiff ought to have been granted for the reason that the defendants' so-called claims do constitute clouds upon the title, and are interfering with the title of the property which is in the plaintiffs, and are preventing them from a proper disposition of the property; and we think the authorities all are to the effect that where the husband elects to take under the will he has no interest under the law, and the only interest he would have under the law in this case would be the dower interest in the estate of his wife.

All of the authorities that we have examined sustain us in the contention that if the husband elects to take under the will, unless the will is clear that he is to have the provision in the will in addition to what he would have under the law, he waives his right under the law—in this case, his dower interest in the real estate that had belonged to his wife at the time of her death. The case of *Corry* v. *Lamb*, 45 Ohio St., 203, 12 N. E., 660, and many other cases, substantiate this proposition.

Now it is argued that this in a measure works a hardship upon the creditors who had assumed that the husband had a dower interest, and were misled thereby. This view of the case has much potency from the manner in which the plaintiff in this action and J. Lawrence Barrett acted, for in a case in the common pleas court entitled *Edna Mary Louise Barrett* v. *J. Lawrence Barrett,* decided August 4, 1928, which was a case in partition, the plaintiff in this action, being the plaintiff in that action, alleged that she and her brothers and sisters were coparceners in the real estate described, and that J. Lawrence Barrett had a *dower interest* in such property. In that action J. Lawrence Barrett answered admitting that he had a dower interest in said property, and the court of common pleas having jurisdiction of the matter heard the case and entered a decree of partition and found the dower interest of J. Lawrence Barrett in said property to be something like $16,000, and also found in favor of each of the defendants in the present action, they being parties to that proceeding, and the decree of the court in the partition case above made a distribution of the

money and ordered that each one of the defendants in the present action be paid certain sums of money out of the proceeds of that sale. The sheriff of the county was ordered and directed to do certain things, as set forth in the journal, and to pay these various sums of money to the various defendants in this action. That journal entry was O. K.'d and approved by the attorneys for the plaintiff in this action, by their clients in person, and by J. Lawrence Barrett, as well as the various attorneys in the action, and this was prior to the bringing of the present action and after the so-called election of J. Lawrence Barrett to take under the will in the probate court.

Now this being an action in equity to quiet title against these claims, which have been litigated, and which have been admitted by the party plaintiff and her father, J. Lawrence Barrett, to be valid claims against whatever interest J. Lawrence Barrett might have had which had been found by the court in that action, it would be inequitable for the court in a proceeding to quiet title to cancel these judgments, when it is admitted that they have not been paid, and so, notwithstanding what our view of the law might have been under ordinary circumstances, we think the actions of the parties of this case in this whole proceeding have been such that they are estopped from disputing that J. Lawrence Barrett had a dower interest in this property, and for that reason we do not think the plaintiff is entitled to have the relief she prays for in this action, so far at least as would warrant quieting title against these claims, and we are forced to come to the conclusion

that the court of common pleas was right in its conclusion, and we make the same order; that is, we render a decree for the defendants, dismissing the plaintiff's petition at the costs of the plaintiff.

*Petition dismissed.*

LEVINE, J., concurs.
SULLIVAN, J., not participating.