**BASSETT, Plaintiff, v. BASSETT, Defendant.**

Common Pleas, Tuscarawas County.

No. 27630.    Decided July 22, 1946.

Bowers, Stafford & Bowers, New Philadelphia, for plaintiff.

Thomas A. Ryan and Alfred J. Brideau, Cleveland, for defendant.

No appeal taken.

## OPINION

By LAMNECK, J.

The plaintiff, who seeks to be divorced from the defendant on the grounds of extreme cruelty and gross neglect of duty, filed his petition therefor in this Court on January 28, 1946.

The defendant in her answer contests the jurisdiction of the Court to entertain the petition on the ground that the plaintiff had not been a resident of this state for a period of one year immediately preceding the filing of the petition.

The evidence submitted at the hearing on the question of the Court's jurisdiction to entertain the plaintiff's petition discloses that the plaintiff left Ohio on November 5th or 6th, 1945, and proceeded to Las Vegas, Nevada. On December 20, 1945, the plaintiff filed a suit for divorce against his wife in the District Court of the Eighth Judicial District of the State of Nevada in Clark County on the ground of "extreme cruelty (mental in character) without just cause therefor."

In the plaintiff's petition to which he made oath on December 20th, 1945, he alleged that he "for more than six weeks last past and immediately preceding the commencement of this action, has been and still is an actual and bona fide resident of Clark County, State of Nevada."

At the time of the hearing of the instant case the Nevada case was still pending and had not been heard or dismissed. The defendant herein was served by publication in the Nevada case.

The plaintiff for more than a year prior to November 5, 1945, and since January 28, 1946, had a residence in Ohio.

The issue thus presented is whether or not plaintiff was a resident of this state at least a year prior to the filing of his petition, as required by §11980 GC which in part reads as follows: "Except in an action for alimony alone, the plaintiff must have been a resident of the State at least one year before filing the petition. Actions for divorce or for alimony shall be brought in the county of which the plaintiff is and has been for at least thirty days immediately preceding the filing of the petition, a bona fide resident or in the county where the cause of action arose."

"Residence" under §11980 GC means domicile, and a new domicile cannot be acquired unless the former has been abandoned. Acquiring a new domicile solely to invoke the jurisdiction of the court is not sufficient. Bowen v Bowen, 12 O. N. P. (N.S.) 221; **Baraket v Baraket, 10 OO 395, 25 Abs 641,** 2 Ohio Sup. 184; **Larrick v Walters, 39 Oh Ap 363, 177 N. E.** 642.

While the Court might infer from the facts and circumstances in this case that the plaintiff went to Nevada solely for the purpose of instituting a divorce action, and did not intend to change his Ohio domicile, the question is still pre-

sented whether or not the plaintiff is estopped from assuming a different position as to his domicile in this action from that assumed in his previously filed pending action between the same parties in the State of Nevada.

Generally it is a well established principle that a party who has knowingly and deliberately assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith to the prejudice of the adverse party. Mining Co. v Welsh, 14 O. C. C. (N. S.) 509. It is sometimes required for such an estoppel to operate that the position first assumed should have been successfully maintained. But before any determination has been reached as to the position first taken, and while still relying thereon, a party cannot also rely on an inconsistent position.

As a general rule a party who has assumed a particular position in a judicial proceeding is estopped from assuming an inconsistent position in a subsequent proceeding involving the same parties and questions, and allegations or admissions in pleadings in a former action or proceeding will ordinarily estop the party making them from denying them truth in a subsequent action or proceeding in which he is a party to the prejudice of his opponent. **Barrett v Southworth Co., 33 Oh Ap 452, 172 N. E. 563.**

Obviously, a person cannot have a legal domicile for the purpose of instituting a divorce action in two different states at the same time. If the plaintiff acquired a domicile in Nevada for the purpose of instituting a suit for divorce in December, 1945, he cannot thereafter acquire a domicile in Ohio for at least a year thereafter under the provisions of §11980 GC.

While a party, as a general rule, is not estopped to deny or contradict allegations made in a former proceeding which he voluntarily dismissed or which resulted in a voluntary nonsuit, yet where a litigant obtains an order of the Court, based on a fact averred by him, he is forever estopped while it remains in effect from asserting as against his adversary anything differing from the fact so averred. Reese v Adamson, 119 Atl. 920, 276 Pa. 253.

In the Nevada case the plaintiff acquired an order of the court to secure service on the defendant by publication, based on an affidavit of the plaintiff. This order still remains in effect.

While a legal domicile can only be changed by making a new home with an intention to abandon the old and adopt the new, and while the burden of proving that a person has

abandoned an established domicile and adopted a new one is upon the party who asserts the change, intention of the person is best proven by the declarations of the person himself and by proof of other facts which may indicate the mind of the person.

In this case the plaintiff declared he had abandoned his Ohio domicile when he filed his petition for divorce in the State of Nevada, and he is now estopped from assuming a different position under all the facts and circumstances shown in evidence in this case. See **Boswell v Boswell, 30 OO 566,** 15 Ohio Supp. 153, and 31 O. J. S. Sec's. 117 to 121, inclusive, starting at page 372.

It is therefore ordered that the plaintiff's petition be dismissed at the plaintiff's costs.