434 A.2d 1179

Kenneth D. BROWN, District Attorney of Lycoming
County, Pennsylvania

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF HEALTH.

Appeal of Thomas HARVEY and Commonwealth, Dept.
of Health.

Supreme Court of Pennsylvania.

Argued May 20, 1981.

Decided Sept. 24, 1981.

James R. Protasio, Asst. Public Defender, for appellant Thomas Harvey.

Reed Hamilton, Chief Counsel, Joan A. Ross, Asst. Counsel, Harrisburg, for appellant Com., Dept. of Health.

Joseph R. Musto, Asst. Dist. Atty., Kenneth D. Brown, Dist. Atty., Robert F. Banks, Asst. Dist. Atty., for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants Thomas Harvey and Pennsylvania Department of Health appeal from an ex parte order of a single judge of the Commonwealth Court which granted appellee Kenneth D. Brown, District Attorney of Lycoming County, access to information about appellant Harvey otherwise deemed to be confidential pursuant to the Disease Prevention and Control Law of 1955.* The order was entered pursuant to 42 Pa.C.S. §§ 8721–8725, which permits certain public officials access to confidential information. Because we hold that the claims of appellant Harvey are not ripe for review and that there exists no justiciable controversy between appel-

* Act of April 23, 1956, P.L. (1955) 1510, 35 P.S. § 521.1 et seq. (1977).

lant Department of Health and appellee Brown, we quash the appeals.

I

Appellant Thomas Harvey is charged with attempted rape, statutory rape, corrupting the morals of a minor and indecent assault. Cultures obtained from the alleged victim tested positively for gonorrhea. Appellee believed that appellant Department of Health (Department) had records in its possession which would reveal that appellant Harvey likewise had gonorrhea. When appellee requested that the Department release to him any information contained in its files concerning Harvey, the Department refused, relying on Section 521.15 of the Disease Prevention and Control Law. Section 521.15 provides:

"State and local health authorities may not disclose reports of diseases, any records maintained as a result of any action taken in consequence of such reports, or any other records maintained pursuant to this act or any regulations, to any person who is not a member of the department or of a local board or department of health, except where necessary to carry out the purposes of this act. State and local health authorities may permit the use of data contained in disease reports and other records, maintained pursuant to this act, or any regulation, for research purposes, subject to strict supervision by the health authorities to insure that the use of the reports and records is limited to the specific research purposes."

35 P.S. § 521.15 (1977).

Appellee then filed a motion with the court of common pleas to compel release of the Department's medical records concerning appellant Harvey. The motion requested an order directing Harvey to sign a release authorizing the Department to permit appellee access to the records. The court refused to issue the requested order and indicated that the proper procedure was to file a petition with the Commonwealth Court as permitted by the "access to confidential information" statute, 42 Pa.C.S. § 8721 et seq.

Section 8722 states: "a district attorney . . . may petition any judge of the Commonwealth Court for an order providing access to confidential information." Section 8723 further states:

"Any judge of the Commonwealth Court shall enter an order providing access to confidential information if, on the basis of a petition under section 8722 (relating to petition for access to confidential information), he finds that:

(1) the petitioner is engaged in an ongoing investigation of criminal activity; and

(2) a Commonwealth agency may have confidential information reasonably related to such an investigation."

Pursuant to the statute, appellee filed an ex parte petition with Judge MacPhail of the Commonwealth Court for an order mandating the release of the disputed records. Appellee alleged in his petition that Harvey had been examined by the Department of Health, that Harvey was charged with various sexual offenses, that the alleged victim had tested positively for gonorrhea, and that, therefore, evidence that Harvey likewise had gonorrhea "would be highly relevant at trial" on the pending criminal charges. After an ex parte hearing, Judge MacPhail issued an order requiring the Department of Health to release "any and all confidential information it has concerning or related to the subject of said investigation, Thomas Harvey, or the incident under investigation."

After the Department was served with the order, it determined that it had in its possession two confidential reports concerning appellant Harvey. The first, a medical report, contained the results of tests for venereal disease conducted on appellant Harvey as well as a description of his subsequent treatment. The second, an epidemiological report, contained the names, phone numbers and addresses of those persons with whom appellant Harvey may have had sexual relations in the recent past. Harvey had voluntarily disclosed this information to an interviewer employed by the Department. The Department released the medical records

pertaining to Harvey but withheld the epidemiological report. Thereafter, these appeals followed.

## II

■ Harvey seeks to raise numerous challenges to the order of the single judge of the Commonwealth Court and the "access to confidential information" statute. However, on this record, it is not appropriate to address his claims. Harvey's underlying complaint is that evidence seized as a result of appellee's access to the Department's confidential records may eventually be used against him at a criminal trial. However, should the Commonwealth in fact attempt to make evidentiary use of the medical report, Harvey may then present his objections to the trial court. In their present posture, appellant Harvey's claims are premature and not properly before this Court. Thus, we quash his appeal.

## III

■ The appeal of the Department of Health must also be quashed. Having released the medical report without first challenging the validity of the Commonwealth Court's order, the Department has foreclosed its right to obtain review of that order on appeal. "Ordinarily, a party who consents to, or acquiesces in, a judgment or order cannot appeal therefrom." 9 Standard Pennsylvania Practice Ch. 38,.§ 162, pp. 134–35. See *Reese v. Adamson*, 276 Pa. 253, 119 A. 920 (1923). See also *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) (to obtain appellate relief from claimed error a party must first present it to the court whose determination is challenged on appeal); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (same). Thus, the Department's compliance with the Commonwealth Court's order, without first raising objection to that order, precludes consideration of the Department's challenge. Further, since appellee expressly states in his brief that the Commonwealth has no interest in obtaining the epidemiological report, and thus has abandoned any

claim to that confidential information, the issues regarding that aspect of the controversy are not before us.

Accordingly, the appeals of both appellant Thomas Harvey and appellant Department of Health are quashed.

O'BRIEN, C. J., and WILKINSON, J., did not participate in the consideration or decision of this case.