J-S16045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| F.A.N., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| S.M.U., | |
| Appellant | No. 1791 WDA 2016 |

Appeal from the Order Entered October 27, 2016
in the Court of Common Pleas of Allegheny County
Family Court at No.: FD15-000585-008

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 24, 2017**

S.M.U. (Mother), acting *pro se*, appeals the trial court's order, entered October 27, 2016, that specifies a schedule of physical custody of F.A.N., Jr., (Child), born in July of 2014, to be shared with F.A.N. (Father). The parties share legal custody. We affirm.

Our review of the certified record reveals the following. Father filed a complaint in custody on May 7, 2015. On August 3, 2015, the trial court entered an order scheduling a custody conciliation conference before a Domestic Relations Officer on August 19, 2015. The trial court entered a similar order on August 10, 2015, scheduling another conciliation conference on September 21, 2015. The parties agreed to an interim custody consent

_____

[*] Retired Senior Judge assigned to the Superior Court.

order, which the trial court entered on September 22, 2015. On September 25, 2015, the trial court entered yet another order scheduling a custody conciliation conference, this one to take place on November 17, 2015. The trial court entered an interim custody order on November 18, 2015. Mother filed an answer and counterclaim to Father's complaint on February 12, 2016.

On June 8, 2016, the trial court entered an order scheduling a pre-trial conference in this matter on August 19, 2016, and a trial on August 29, 2016. On August 30, 2016, the trial court entered an interim order of custody and, on October 27, 2016, with the consent of Mother and Father, entered the final order of custody. Mother filed her notice of appeal and statement of errors complained of on appeal *pro se* on November 22, 2016. The trial court entered its opinion on December 13, 2016. *See* Pa.R.A.P. 1925.

Mother presents the following question for our review:

[1.] Whether the order entered on October 2[7], 2016, should be vacated because the trial court did not have jurisdiction because the 180 days expired from the date the complaint was filed violating Pa.[R.C.P.] 1915.4(b) and *Dietrich v. Dietrich*[, 923 A.2d 461 (Pa. Super. 2007),] and state/federal due processes rights?

(Mother's Brief, at 5) (unnecessary capitalization omitted).[1]

_____

[1] Although Mother filed her notice of appeal, concise statement of errors complained of on appeal, and brief *pro se*, a review of the record in this matter reveals that Mother was represented by counsel at that time. (*See*
*(Footnote Continued Next Page)*

Before considering the merits of the issue raised, we must discern whether Mother's appeal is properly before us. "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Here, Mother failed to object to the custody order or raise any issue about the validity of such order with the trial court. Therefore, we conclude she has waived her claim and cannot raise it for the first time before this Court. *See id.* Mother's issue is waived.

Furthermore, Mother has also waived any challenge to the October 27, 2016 custody order because she consented to it. (*See* Order, 10/27/16). "Ordinarily, a party who consents to . . . a judgment or order cannot appeal therefrom." *Brown v. Commonwealth Dep't of Health*, 434 A.2d 1179, 1181 (Pa. 1981) (citation omitted); *see Karkaria v. Karkaria*, 592 A.2d 64, 71 (Pa. Super. 1991) ("A party who has acquiesced in an order or judgment will not later be heard to challenge it.") (citation omitted). Thus, we conclude that Mother has waived her claim on this ground as well.

*(Footnote Continued)* ——————————

Praecipe for Appearance, 6/27/16). There is no right to hybrid representation at trial or on appeal. *See Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993); *but see Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016) ("Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief."). Thus, Mother's concise statement of errors complained of on appeal and brief are legal nullities. However, because of our disposition in this matter, we decline to quash Mother's appeal on this ground.

Accordingly, we affirm the order of custody in this matter entered October 27, 2016, on the basis that, for all of these reasons, Mother waived her issue on appeal.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017