J-A05017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEBORAH AND MARK LEWIS | : | |
| | : | |
| Appellant | : | No. 1924 EDA 2017 |

Appeal from the Order Dated April 26, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  August Term, 2016 No. 04446

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY MURRAY, J.:            **FILED JANUARY 30, 2018**

Deborah and Mark Lewis (Appellants) have filed a *pro se* appeal purportedly challenging the settlement agreement in this ejectment action filed by their former mortgagee, Ocwen Loan Servicing, LLC (Ocwen).  We quash this appeal as improperly taken.

In 2013, Ocwen commenced a mortgage foreclosure suit against Appellants, related to Appellants' residential property in Philadelphia.  At a bench trial on August 21, 2015, before a verdict was returned, the parties entered into a consent judgment in favor of Ocwen.  Subsequently, Ocwen purchased the property at sheriff's sale and recorded a deed on August 26, 2016.

Six days later, on September 1, 2016, Ocwen filed the instant ejectment action against Appellants, who were still residing in the property. Appellants filed numerous *pro se* motions averring fraud.   The case

_____
* Former Justice specially assigned to the Superior Court.

proceeded to trial and a jury was selected, though not sworn in. On March 30, 2017, Ocwen argued a motion *in limine* to preclude Appellants from presenting any arguments relating to the concluded foreclosure action. The court granted the motion, at which point Appellants acknowledged that they could not proceed. N.T., 3/30/17, at 32 (Appellant Mark Lewis stating, "[I]f our situation is, based on the fact that we can't move forward anyway, because you're not in the position [of hearing any issues relating to the underlying mortgage or foreclosure judgment] why are we involving the jury at this point[?]"). Following discussion off the record, Appellants agreed to vacate the property within 60 days and the case was marked "settled" on the trial docket. Notably, the trial court stated on the record that Appellants could not appeal their own agreement to vacate the property. *Id.* at 35.

Nevertheless, beginning on April 18, 2017, Appellants filed a series of *pro se* motions, claiming fraud, challenging the mortgage foreclosure and the ejectment action, and alleging that the trial court lacked subject matter jurisdiction. The court denied these motions and Appellants filed a notice of appeal on June 9, 2017.

Our Supreme Court has stated:

> A consent decree is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties-a contract binding the parties thereto to the terms thereof. As a contract, the court, in the absence of fraud, accident or mistake, had neither the power nor the authority to modify or vary the terms set forth….

*Lower Frederick Twp. v. Clemmer*, 543 A.2d 502, 510 (Pa. 1988)

(citations omitted). ***See also Brown v. Commonwealth, Dept. of Health***, 434 A.2d 1179, 1181 (Pa. 1981) ("Ordinarily, a party who consents to, or acquiesces in, a judgment or order cannot appeal therefrom."); ***Karkaria v. Karkaria***, 592 A.2d 64, 72 (Pa. Super. 1991) ("A party who has acquiesced in an order or judgment will not later be heard to challenge it.").

The trial court and Ocwen both argue that because Appellants knowingly and voluntarily agreed to vacate the property, their attempt to appeal from the settlement agreement is improper. Trial Ct. Op. at 4-5; Ocwen's Brief at 15-16. Based on the foregoing authority, we agree. We therefore quash this appeal and direct the Prothonotary to strike this case from the argument session scheduled for February 27, 2018.

Appeal quashed. Case stricken from argument list. Jurisdiction relinquished.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2018