J-A30045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JOHN L. TATE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN L. WARNER AND ANGELA R. MYERS, | : | |
| | : | |
| Appellees | : | No. 463 WDA 2018 |

Appeal from the Order Entered March 2, 2018
in the Court of Common Pleas of Blair County
Civil Division at No(s): 2015 GN 3002

BEFORE: SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          FILED JANUARY 10, 2019

John L. Tate appeals from the order entered on March 2, 2018, which set forth the terms of a settlement agreement between himself and Appellees, Shawn L. Warner and Angela R. Myers. We quash this appeal.

The trial court set forth the following factual and procedural history of this case.

> On September 30, 2015, [Tate] filed a complaint in ejectment against [Appellees]. In his complaint, [Tate] alleged, inter alia, that he was the record owner of real property located at 1000 6th Avenue, Duncansville, Blair County, PA and that on or about September 23, 2012, the parties executed a document entitled "Rent to Own – Articles of Agreement" (hereinafter referred to as "[the] Agreement"). According to the Agreement, the sales price was to be $300,000 with an initial payment of $50,000, followed by monthly payments of $1,100 at an interest rate of 4%. Pursuant to count II of the complaint, [Tate] also

_____

* Retired Senior Judge assigned to the Superior Court.

sought damages for alleged unpaid taxes, insurance and penalty fees. [Tate] was initially represented by Attorney Robert W. Lape, Jr.

[After additional procedural history not relevant to this appeal, the trial court] referred the matter to Attorney Sean M. Burke for a pro bono mediation. [] It was [the trial court's] understanding that the parties were able to reach an amicable resolution through mediator, Attorney Burke. [Attorney Lape], however, sent a letter dated February 23, 2017 that the proposed resolution had failed to date. Therefore, [the trial court] entered an order on February 27, 2017 scheduling the matter for a telephone status conference with counsel on May 9, 2017. On May 8, 2017, [Appellees] filed a petition to enforce settlement agreement. On May 17, 2017, [Tate] filed an answer[]. The matter came before the [trial] court on June 12, 2017, at which time [the trial court was] specifically advised that an agreement had been reached by the parties and [the trial court] entered an order consistent with such agreement, directing that settlement was to occur within two weeks (or at Attorney Lape's discretion since he was scheduled for back surgery), with a sales price of $275,000 at 4% interest and setting forth additional terms of agreement.

On October 17, 2017, Attorney Lape filed a praecipe to withdraw, along with entry of appearance of Attorney Phillip O. Robertson, on behalf of [Tate]. On October 16[, 2017,] Attorney Robertson filed a petition to place matter back on trial list. On October 26, 2017, [Appellees] filed a response[]. [A hearing was scheduled for February 27, 2018.] At the time of [the] February 27, 2018 hearing, with the parties present and being represented by legal counsel,[1] an agreement was, once again, reached and the terms of the agreement were placed on the record.[2] The terms of said agreement were substantially similar to the [a]greement[] entered June 12, 2017.

---

[1] At the hearing, Tate was represented by Attorney Terry W. Despoy, who explained that he is "not the primary attorney for [] Tate; [he is] once again substituting for Attorney Robertson." N.T., 2/27/2018, at 1.

[2] The order was filed on March 2, 2018.

Trial Court Opinion, 4/11/2018, at 1-5 (unnecessary capitalization omitted).

Tate timely filed a notice of appeal, and both Tate and the trial court complied with Pa.R.A.P. 1925.[3]

Before we reach the issues presented by Tate, we must determine whether we have jurisdiction to entertain this appeal.[4] See Roman v. McGuire Mem'l, 127 A.3d 26, 31 (Pa. Super. 2015) ("[S]ubject matter jurisdiction is non-waivable and can be raised at any time, by any party, and by a court sua sponte.").

According to Tate, the order entered by the trial court effectively denied his motion to place this case back on a trial list; thus, it is a final order pursuant to Pa.R.A.P. 341. Tate is correct that if indeed the trial court's order denied his motion to place the case back on a trial list, then it is a final, appealable order. See Friia v. Friia, 780 A.2d 664, 667 (Pa. Super. 2001) (holding that "where the circumstances of the case make the remedy of trial inaccessible," the order is a final order as contemplated by Pa.R.A.P. 341). On the other hand, if the parties actually settled the case and the order merely memorialized a settlement agreement, as is suggested by the trial court, then

---

[3] Appellees have not filed a brief on appeal.

[4] On April 13, 2018, this Court issued a rule to show cause on Tate to explain why this appeal should not be quashed because the order being appealed from is not an appealable order, or why the appeal should not be dismissed as moot because the case is settled. Tate, through Attorney Robertson, filed a response explaining that he did not agree with the trial court that the case was settled.

J-A30045-18

the remedy available to Tate is not an appeal, but it is a petition to set aside the settlement agreement. See Trial Court Opinion, 4/11/2018, at 6 ("Once again, the terms of the agreement were placed on the record and confirmed by counsel and the parties."); Sarsfield v. Sarsfield, 380 A.2d 899 (Pa. 1977) (holding that where parties have entered into a consent order, the parties must initiate proceedings to abrogate or modify it in the trial court).

With these principles in mind, we review the proceedings that occurred on February 27, 2018. There is no question that the action came before the trial court as a "petition to place the matter back on the trial list." N.T., 2/27/2018, at 1. Attorney Despoy argued on behalf of Tate that it is his position that "every time [] Tate thinks he has an agreement, [Appellees] don't come through with what they're supposed to do[.]" Id. at 6. The trial court pointed out that it could either place the case back on the trial list, have a hearing on whether to enforce the settlement agreement, or have a contempt hearing. Id. at 10. Counsel for Appellees responded that Appellees were prepared to go forward with the terms of the July 12, 2017 agreement. Id. at 11. Thus, the trial court then asked Attorney Despoy if Tate was "able and willing to comply with that order." Id. at 13. Attorney Despoy eventually responded, "yes," Tate "will comply."[5] Id. at 15. Thus, the trial

---

[5] Although this transcript is not a model of clarity, Attorney Despoy never argued to the trial court that it was his position that the case should be placed back on the trial list. Instead, he essentially conceded there was a court order in effect with which Tate should comply. See N.T., 2/27/2018, at 13-15.

court concluded that as far as the trial court "is concerned [the] order is still in full force and effect." Id. In fact, the trial court told the attorneys and parties that if there are "any future court proceedings," they are "to be a contempt [proceeding]" ... "if somebody doesn't honor the court order." Id. at 17.

Based on the foregoing, we agree with the trial court that what occurred on February 27, 2018, was more consistent with the entry of an order memorializing a settlement agreement than an order denying Tate's motion to place the case back on the trial list. Thus, we agree with the trial court that Tate could not appeal that order; rather, his remedies lie in the trial court where he could either file a petition to set aside the settlement agreement based on the position he never agreed to enter into it in the first place, or he could file a petition for contempt for Appellees' failure to comply with the terms of the settlement agreement. In light of the foregoing, because, the order from which Tate has appealed was not an appealable order, we lack jurisdiction to entertain this appeal. See Brown v. Com. Dept. of Health, 434 A.2d 1179 (Pa. 1981) (quashing appeal from consent order).

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/10/2019