J-A11004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LLI, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIRIAM AND RAMON OSORIO | : | |
| | : | |
| Appellants | : | No. 923 WDA 2020 |

Appeal from the Order Entered August 12, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  LT 19-865

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: AUGUST 13, 2021**

Miriam and Ramon Osorio, husband and wife (collectively, "Tenants"), appeal *pro se* from the order dated August 12, 2020, which directed Tenants to relinquish possession of LLI, LLC's ("Landlord") property and ordered that escrow monies be released to Landlord. We affirm.

This matter arises out of a residential lease Landlord and Tenants entered into for 6717 Wilson Street, West Mifflin, Pennsylvania. The lease was a month-to-month lease and provided that either party had to give 30 days' notice to end the lease. Landlord commenced an ejectment action against Tenants in Magistrate Court on July 2, 2019. Subsequently, on August 7, 2019, Landlord was granted possession, as well as $2,259.95 for rent in arrears and filing fees.

Tenants appealed the magistrate judgment on August 14, 2019. Landlord thereafter filed a complaint in ejectment in the Court of Common

Pleas of Allegheny County. On October 24, 2019, the Board of Arbitrators awarded possession of the property to Landlord and $3,710.00 to Landlord for rent due.

Tenants filed a Notice of Arbitration Appeal on November 13, 2019. Following a hearing, the parties entered into a Consent Order, which was signed by Judge Paul F. Lutty, Jr. The Consent Order provided, *inter alia*: (1) a judgment of possession for the property in favor of Landlord; (2) immediate relinquishment of the property by Tenants by or before March 31, 2020; (3) eviction of Tenants by a constable no later than April 5, 2020 if Tenants had not relinquished possession; and (4) payment of rent by Tenants for July 2019, February 2020, and March 2020 into an escrow account to be turned over to Landlord. The Consent Order also stated that "[a]ll other claims by both Plaintiff and Defendants, including Defendants' Counterclaims, are hereby dismissed with prejudice" and "[b]oth parties agree to waive their right to appeal this order." Consent Order, 1/17/20.

Four days after the Consent Order was filed, Tenants filed a Motion to Set Aside Consent Order of Court. The court denied the motion. Tenants continued to pay their rent into the escrow account.

Tenants then filed two additional motions: Motion for Contempt of Court Against Landlord, and Emergency Motion to Strike Consent Order as Null and Void. Landlord thereafter filed a motion for eviction.

Following a hearing, the court ordered Tenants to relinquish possession of the property, and if they did not relinquish possession, a constable was to

evict them. The court further ordered that all money held in escrow was to be released to Landlord. Tenants subsequently vacated the property. This timely appeal followed.

Tenants raise the following issues:

1. Whether the trial court erred in not sanctioning Appellee for retaliating against Appellants for exercising their Right to a Habitable place?

2. Whether the trial court erred in not sanctioning Appellee for not adhering to the Court Consent Order of January 17, 2020 after Appellee refused to make needed repairs as stated in the terms of the consent and the terms of the lease of May 8, 2019 as referred to in the consent order?

3. Whether the trial court erred in not addressing or holding hearings for the Appellants' Cross Claims, Appellants' Motion to Set Aside Consent Order, and Appellants' Motion for Contempt of Court Against Appellee?

4. Whether the trial court erred in not investigating further and for not sanctioning Appellee for bringing motion to evict in bad faith at the August 12, 2020 hearing when Appellee's lawyer John P. Corcoran, Jr[.] told Appellants to "leave things status quo" on March 24, 2020 due to the Governor's Stay at Home Order for Covid-19 then file false statements in its motion for eviction in June 2020?

5. Whether the trial court [erred] in awarding the money in escrow to Appellee when Appellee [was] supposed to be sanctioned for violating Appellants' Rights to a Habitable Place and for clear Retaliation when Appellee ended the lease thirteen days after Appellant demanded for repairs to the back porch screen and basement wall which was leaking in water?

6. Whether the trial court erred in not sanctioning Appellee for lying under oath when Appellee gave several false contradicting statements to the question from his attorney asking him the reason he decided to end the lease during the January 17, 2020 hearing?

7. Whether the trial court erred in allowing the May 8, 2019 lease Appellee forced Appellants to sign at the leased premises or leave to be enforceable or supersede instead of the lease that had automatically renewed for a year from April 30, 2019. Even though Appellants had [o]bjected to this during the hearing on January 17th, 2019 because Appellee had not given Appellants the proper 30 days['] notice as outlined in the original lease of November 2015 that Appellee was going to change the one[-]year lease that was in effect on April 30, 2019 on May 8, 2019?

Tenants' Amended Br. at 5-7 (unpaginated).

Preliminarily, we observe that Tenants' brief violates Pa.R.A.P. 2119. That rule provides that the argument section of an appellate brief "shall be divided into as many parts as there are questions to be argued," and requires each section to have a "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). The failure to follow these instructions may constitute waiver. *See Davis v. Borough of Montrose*, 194 A.3d 597, 610-11 (Pa.Super. 2018). *See also Norman for Estate of Shearlds v. Temple Univ. Health Sys.*, 208 A.3d 1115, 1119 (Pa.Super. 2019) (holding claims waived "because they are undeveloped and lack citation to pertinent legal authority").

Tenants' Statement of Questions Involved lists seven issues. The Argument section, however, is not divided into seven sections that correlate with the questions presented. Moreover, Tenants' brief includes repetitive discussions of how Landlord failed to make repairs on the property and general propositions of landlord-tenant law. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special

benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citing ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa.Super. 2003)). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa.Super. 2007) (internal citations omitted).

We recognize that Tenants are representing themselves and are not lawyers. Nonetheless, the way in which they have drafted their brief makes it difficult to identify and understand the points they intend to make. Accordingly, we will address only those issues we are able to discern from Tenants' brief. All other issues are waived.

Tenants first contend that Landlord breached the Consent Order by failing to make the necessary repairs on the property and keep the property habitable. As a result, Tenants argue that they, not Landlord, are entitled to receive the rent money that was put into escrow.[1]

It is well-settled that "a party who consents to, or acquiesces in, a judgment or order cannot appeal therefrom." ***Brown v. Commonwealth, Dep't of Health***, 434 A.2d 1179, 1181 (Pa. 1981) (citation omitted); ***see also Karkaria v. Karkaria***, 592 A.2d 64, 71 (Pa.Super. 1991) (stating that

_____

[1] Tenants also requested that Landlord return all personal belongings that they left at the property. At oral argument, counsel agreed to return the items to Tenants with a third-party present.

- 5 -

"[a] party who has acquiesced in an order or judgment will not later be heard to challenge it" (citation omitted)).

Here, Tenants agreed to the Consent Order, which required them to pay the rent money into escrow while this dispute was pending. The order clearly states that the rent money held in escrow was to be released to Landlord. **See** Consent Order at 2. It says nothing about any agreement between the parties that if Landlord did not make repairs, Tenants would receive the escrow money. Furthermore, although Tenants filed a Motion to Set Aside Consent Order, they failed to appeal the denial of that motion. Accordingly, Tenants acquiesced to the Consent Order and are barred from challenging it now.

In their remaining issues, Tenants argue that they were wrongfully evicted as retaliation by Landlord and they were owed repairs to the property. At argument, however, all parties agreed that Tenants have vacated the property. **See supra**, note 1. Because Tenants have relinquished possession of the property, these issues are moot. We therefore affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/13/2021