J-A25004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VELOCITY MAGNETICS, INC., A CORPORATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRY J. MARZANO, AN INDIVIDUAL, AND DYNAMIC ATTRACTIONS, INC., A CORPORATION | : | |
| | : | |
| APPEAL OF: TERRY J. MARZANO | : | No. 421 WDA 2022 |

Appeal from the Order Entered March 17, 2022,
in the Court of Common Pleas of Lawrence County,
Civil Division at No(s):  2019-10911.

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: October 7, 2022**

Terry J. Marzano appeals from the order denying modification of a consent decree that he and Velocity Magnetics, Inc. entered on September 18, 2019.  Upon receiving his notice of appeal, we issued a rule to show cause questioning our appellate jurisdiction.  Mr. Marzano filed a response, and the matter was deferred to this panel.  After review, we quash.

"The question of the appealability of an order goes the jurisdiction of the Court . . . review[ing] the order." **Beltran v. Piersody**, 748 A.2d 715, 717 (Pa. Super. 2000).  Hence, we may raise this issue *sua sponte*.  **See In re Est. of Moskowitz**, 115 A.3d 372, 388 (Pa. Super. 2015).  "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the

scope of review is plenary." ***Commonwealth v. Merced***, 265 A.3d 786, 789 (Pa. Super. 2021).

Our "jurisdiction is generally limited to appeals from final orders of courts of common pleas, unless a statute provides otherwise." ***Williams v. Williams***, 385 A.2d 422, 422 (Pa. Super. 1978). The record reveals that a contempt petition is still pending before the trial court, wherein Velocity Magnetics alleges Mr. Marzano breached the consent decree. Thus, the March 17, 2022 order is not an appealable, final order, because it does not dispose of all claims and all parties. ***See*** Pa.R.A.P. 341(b).

When this Court sent a rule to show cause why the instant appeal should not be quashed for lack of jurisdiction, Mr. Marzano responded by saying that the relevant non-compete agreement between the parties lacked consideration. This argument does not address how this Court has jurisdiction over the appealed from order. Critically, a party who consents to a judgment or order typically waives an appeal on the underlying merits of the case once he acquiesces to a consent decree. ***See Brown v. Com., Dept of Health***, 434 A.2d 1179, 1181 (Pa. 1981). An appeal is permitted only if (1) the consent order explicitly permits it or (2) the record reveals the parties anticipated appeal. ***See Laird v. Clearfield & Mahoning Ry. Co.***, 916 A.2d 1091 (Pa. 2007) (permitting appeal after entry of stipulated order where transcript revealed appellants expressed desire to preserve appeal).

The consent order the parties entered in September 2019 does not expressly preserve Mr. Marzano's appellate rights, nor does anything of record

indicate that the parties anticipated future appeals of any underlying contract claims. Thus, the consent order is not reviewable under *Laird*. Additionally, any claim regarding a lack of consideration is immaterial to the question of appellate jurisdiction.

Finally, in responding to our rule to show cause, Mr. Marzano also claimed his appeal could proceed based upon two cases: *Commonwealth v. U.S. Steel Corp.*, 325 A.2d 324 (Pa. Cmwlth. 1974), and *Bianchi v. Bianchi*, 859 A.2d 511 (Pa. Super. 2004). His reliance is misplaced as those cases do concern the jurisdiction of this Court.

In *U.S. Steel Corp.*, the parties entered a consent decree for the remediation of air pollutants from the company's plant. When the Commonwealth and county petitioned for contempt of the consent decree against the company, the chancellor failed to rule on the contempt issue. Instead, he began assisting and overseeing the company's efforts to comply with the consent decree. The Commonwealth and county appealed. Commonwealth Court vacated, remanded, and instructed the chancellor to rule on the contempt petition and to enforce the consent decree.

Similarly, in *Bianchi*, a wife sought to enforce a property-settlement agreement she and her husband entered during their divorce. At husband's behest, the trial court ignored the agreement and awarded the property based upon another formula. On appeal, we reversed; the agreement was a consent decree that could not be modified after the parties entered it.

In both **U.S. Steel** and **Bianchi**, appellants sought **to enforce** consent decrees as written, not to modify them. Neither case stands for the proposition that an order denying modification of a consent decree can be appealed. Additionally, neither case indicates that a party can petition to modify a consent decree and thereby revive appellate rights that were waived upon entering a settlement. The parties can only modify a consent decree by subsequent agreement. **See, e.g., Penn Twp. v. Watts**, 618 A.2d 1244, 1247 (Pa. Cmwlth. 1992) (noting that the rule in Pennsylvania regarding modification of a consent decree is that where a decree is entered by consent of the parties, it is binding upon the parties until **they** choose to amend it.)

Mr. Marzano has not persuaded us to abandon the general rule of **Brown**, **supra**, to revisit claims and defenses that may have existed in the underlying litigation before the parties settled. Nor has he convinced us that we have jurisdiction over this appeal.

Appeal quashed. Oral argument cancelled.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2022

- 4 -