J-A20033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANICE M. CORCORAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY D. CORCORAN, JR. | : | |
| | : | |
| Appellant | : | No. 319 MDA 2023 |

Appeal from the Order Entered February 15, 2023
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2023-00059

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: NOVEMBER 28, 2023**

Appellant, Larry D. Corcoran, Jr., appeals from the final order entered in the Court of Common Pleas of Northumberland County granting the petition for Protection from Abuse ("PFA")[1] filed by his wife, Janice M. Corcoran, who is Appellee in the present appeal.  We affirm.

The notes of testimony from the February 15, 2023, hearing on Ms. Corcoran's PFA petition establish that both parties were represented by counsel.  N.T. 2/15/23, at 2.  At the outset of the hearing, counsel for Appellant informed the trial court that "while [Appellant] denies the allegations, he is open to having an order of protection issued against him, providing he is allowed to remove all of his personal items from the home."

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 23 Pa.C.S.A. §§ 6101-6122.

*Id*.  Upon learning that the parties had not yet discussed, let alone agreed on, the terms of a prospective PFA order, the trial court ordered a brief recess to permit them to arrive at an agreement.  *Id*.

When the hearing resumed, counsel for Appellant announced that Appellant "agreed to everything" after receiving a full explanation of the terms and conditions, and counsel for the petitioner, Janice Corcoran, likewise stated that the parties "have an agreement."  N.T. at 3.  Specifically, counsel for Ms. Corcoran elaborated:

> **Counsel:**  The agreement is for a PFA for three years. [Appellant] will be evicted and excluded from the residence where my client currently is and had been [Appellant's] residence up until the filing of the PFA.
>
> [Appellant] will pay the home insurance and the property taxes. The home – they jointly own the home and [Ms. Corcoran] will pay all of the other household bills.  [Appellant] will make sure they are all in [Ms. Corcoran's] name and [Ms. Corcoran] agrees to list the home for sale after six months. . . .  And [Appellant] will have a full day to retrieve his personal property from the house.

N.T. at 3-4.  Counsel further clarified that the agreement called for Appellant's brother to retrieve, on a date agreed upon by the parties, Appellant's clothing, personal effects, tools, and anything that belongs to him.  N.T. at 4.

The trial court then addressed each party in turn, confirming that each understood and approved the described agreement, N.T. at 5-6.  With that, the trial court entered a three-year PFA order. N.T. at 6.  On February 24, 2023, Appellant, acting *pro se*, filed a timely notice of appeal pursuant to Pa.R.A.P. 904(a).

"Our standard of review for PFA orders is well settled. 'In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion.'" ***Boykai v. Young***, 83 A.3d 1043, 1045 (Pa. Super. 2014) (quoting ***Stamus v. Dutcavich***, 938 A.2d 1098, 1100 (Pa. Super. 2007)).

Appellant has filed a *pro se* brief raising twelve undeveloped, conclusory issues contesting either the effective assistance of counsel or the validity of the PFA order. ***See*** Brief for Appellant, pp. 1-12b. "When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. ... [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007).

Herein, we conclude that Appellant's briefing deficiencies hamper meaningful review, and we deny relief on this basis. Nevertheless, even if we were to reach the merits of Appellant's truncated, fatally undeveloped issues on appeal, we would discern no merit to any of them. It is well-settled that, "[o]rdinarily, a party who consents to, or acquiesces in, a judgment or order cannot appeal therefrom." ***Brown v. Commonwealth of Pennsylvania Department of Health***, 434 A.2d 1179, 1181 (Pa. 1981) (citing authority holding that to obtain appellate relief from claimed error a party must first

- 3 -

present it to the court whose determination is challenged on appeal); ***accord Laird v. Clearfield & Mahoning Ry. Co.***, 916 A.2d 1091, 1097 (Pa. 2007).

The record before us demonstrates that Appellant freely consented in open court to the agreement after having received the benefit of both representation by counsel in the formation of the agreement and instruction by the trial court that the agreement was contingent upon his approval, which he was free to withhold. The substance of the agreement, moreover, was uncomplicated and clearly articulated by respective counsel, such that there simply exists no evidence that one or both parties misconstrued any aspect of the agreement. For these reasons, we conclude that Appellant's appeal affords him no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/28/2023