J-A21006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARY ELLEN GIORDANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON GIORDANO | : | |
| | : | |
| Appellant | : | No. 1608 MDA 2024 |

Appeal from the Decree Entered October 7, 2024
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2020-04058

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: SEPTEMBER 18, 2025**

Jason Giordano ("Appellant") appeals *pro se* from the final divorce decree entered in the Cumberland County Court of Common Pleas on October 7, 2024. As we find Appellant has waived his issues on appeal, we affirm.

The parties were married in 1999. Mary Ellen Giordano ("Appellee") filed a complaint in divorce in 2020. On October 1, 2024, the parties mutually entered into a Marital Settlement Agreement ("MSA"), which divided their marital assets. Notably, both parties were represented by counsel at the time of the execution of the MSA. A praecipe to transmit the record for entry of a divorce decree was filed along with the MSA.

---

[*] Former Justice specially assigned to the Superior Court.

The day after the MSA was filed, Appellant's counsel withdrew her appearance, and Appellant entered his appearance *pro se*.

A divorce decree was entered on October 7, 2024. The next day, Appellant filed an "Emergency Petition/Motion for Stay of Disbursement from Escrow Account," along with a letter to the court, and a brief in support of the motion, arguing a disbursement should be stayed pending resolution of "outstanding procedural and substantive issues of a handwritten marriage settlement agreement." Motion, 10/8/24, at 1.

On the same date, Appellee filed a Petition for Enforcement of Marital Settlement Agreement and for Attorney Fees and Sanctions.

On October 9, 2024, in response to both parties' filings, the trial court entered an order denying Appellant's request for a stay and scheduling a hearing on the remaining issues.

On October 28, 2024, following argument from both parties,[1] the trial court issued an order declaring Appellant's emergency motion for stay to be moot, and granting Appellee's petition for enforcement of the MSA in part,

---

[1] We would have liked to review what occurred during the October 28, 2024 argument, but we are precluded from doing so since Appellant failed to ensure the certified record contains a transcript of it. ***See Mazzarese v. Mazzarese***, 319 A.3d 586, 596 (Pa. Super. 2024) (reiterating that it is an appellant's burden "to ensure that the certified record contains all documents necessary" for this Court to conduct its review) (citations omitted); Pa.R.A.P. 1931, Cmt. ("Appellant has the responsibility to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal.") (citation omitted).

directing Appellant to comply with specific terms of the MSA and to pay Appellee's counsel fees. Appellant thereafter filed the instant timely appeal from the final divorce decree.

On November 1, 2024, the trial court issued an order directing Appellant to file and serve a concise statement of the errors complained of on appeal within 21 days. **See** Pa.R.A.P. 1925(b). While Appellant did not timely comply, this Court subsequently granted Appellant additional time to file a concise statement, noting the trial court had failed to include sufficient instruction regarding where to serve the concise statement. On December 13, 2024, Appellant filed a concise statement, raising numerous issues.

On December 21, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), noting that despite timely filing his concise statement, Appellant had not followed this Court's directive regarding serving the trial court with that document. This Court subsequently granted Appellant additional time to properly serve the concise statement on the trial court, which he did on February 10, 2025. The trial court has since filed a new opinion addressing the issues raised by Appellant.

Preliminarily, we must determine what, if any, issues Appellant has preserved on appeal. We note the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant did file a statement, but it is anything but concise. In fact, the statement is over ten pages, raising numerous allegations of bad behavior by

Appellee in the execution of the MSA. Notably, many of the issues relate to Appellant's concern over the welfare of the parties' adult, neurodivergent daughter.

The trial court noted in its responsive Rule 1925(a) opinion that Appellant's issues on appeal are waived or not properly before this Court.

> In [Appellant]'s voluminous concise statement of errors, he raises several alleged defects with the process and execution of the [MSA] in this case. Notably he does not raise any issue with this court's order of October 28, 2025 where it was determined []that his emergency petition/motion for stay of disbursement from escrow account was moot. At no time since the entry of the MSA has [Appellant] properly raised a legal objection to the MSA as his only filing was the emergency motion requesting a stay of escrow disbursement. Even if he had properly raised and preserved objections to the MSA, his objections to the MSA are primarily based on custody law, which is inapplicable in this divorce setting, and duress, despite being represented by competent counsel at the time of the signing of the MSA. Finally, his disagreement with the discovery process, lack of involvement of the divorce hearing officer, and other pre-trial issues are of no relevance as the parties reached an agreement through counsel and did not proceed to any type of hearing before the divorce hearing officer. So, while those objections may have been relevant on exceptions if there was report and recommendation issued, the parties were able to reach an agreement with the benefit of counsel.
>
> While this court is sympathetic to [Appellant]'s desire to care for his disabled child, it does not appear to this [c]ourt that he has at any point raised or preserved a valid objection to the MSA or this court's order directing that the MSA be followed. Therefore, the divorce decree and order dated October 28, 2024 should be affirmed.

Trial Court Opinion, 3/12/25, at 15-16 (unnecessary capitalization omitted).

We agree with the trial court. Appellant has filed a *pro se* brief raising numerous issues regarding the process and execution of the MSA. However,

it is well-settled that, "[o]rdinarily, a party who consents to, or acquiesces in, a judgment or order cannot appeal therefrom." *Brown v. Commonwealth of Pennsylvania Department of Health*, 434 A.2d 1179, 1181 (Pa. 1981) (citing authority holding that to obtain appellate relief from claimed error a party must first present it to the court whose determination is challenged on appeal); *see* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

The record before us demonstrates Appellant freely consented to both the MSA and the divorce decree, after having received the benefit of representation by counsel in the formation of the agreement. After Appellee filed a motion to enforce the MSA, Appellant failed to properly object or oppose it.

Further, we cannot address any issues relating to custody or child support, as they are not properly before us in this divorce matter. We share the same feelings as the trial court and sympathize with Appellant's strong desire to adequately care for his child. However, we simply have no jurisdiction to act on child support claims when no child support matter has been presented to the trial court and therefore is not presently before this Court.

For these reasons, we conclude Appellant's appeal affords him no relief.

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/18/2025